# FLETCHER *v.* UNITED STATES OF AMERICA.

---

This appeal is governed by the opinion denying an application for rehearing on a former appeal, ante, 53.

No. 2724.    Submitted November 2, 1914.    Decided December 7, 1914.

HEARING on an appeal by the defendants from a judgment of the Supreme Court of the District of Columbia convicting them of conspiracy.                                                   *Affirmed.*

The COURT in the opinion stated the facts as follows:

This appeal is from a judgment upon a verdict in the Supreme Court of the District finding James J. Fletcher, George Noble, and May King, appellants guilty of conspiracy. The judgment was entered in accordance with the mandate of this court. (*Fletcher* v. *United States, ante,* 53.)

*Mr. Henry E. Davis* and *Mr. James A. O'Shea* for the appellants.

*Mr. Clarence R. Wilson,* United States District Attorney, and *Mr. S. McComas Hawken,* Assistant, for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

The indictment was in five counts, but the first and second counts only were submitted to the jury. As pointed out in the opinion of this court, each of those counts charged the crime of conspiracy to commit perjury, including overt acts. One of the other three counts charged a common-law conspiracy. Much of the government's evidence was devoted to proving the overt acts alleged, and the defendants, in the evidence introduced by them, attempted to meet the issue thus raised. As noted in our opinion in the application for rehearing, the court read the first count of the indictment in its entirety to the jury, including, of course, the averments of overt acts, and instructed the jury that all the averments of the indictment save one, not here necessary to be noticed, were material and must be proved substantially as alleged. That the defendants were then satisfied with this part of the charge is apparent from the fact that they did not request the court to amplify it. There is not a word in the record prior to the rendition of the verdict

to indicate that anyone was confused or misled as to the nature of the offense charged. On the contrary, the abandonment by the government of the only count charging a common-law conspiracy, the election to proceed to trial upon two counts clearly charging a conspiracy to commit an offense against the United States, namely, a conspiracy to commit perjury, the introduction of evidence to prove the overt acts, the attempt on the part of the defendants to meet that evidence, point to a clear understanding of the issue. This inference is still further strengthened by the attitude of counsel for the defendants when sentence was imposed.

The dastardly character of the offense proved against the defendants warranted the imposition of severe punishment. It was probably owing to this fact that the government, after verdict, was led to examine the indictment to determine whether it did not also charge a common-law conspiracy, the punishment for which is more severe under the District Code than is the punishment for the crime of conspiracy to commit an offense against the United States. Reaching the conclusion that it did cover a common-law conspiracy, the learned trial justice was led to accept that view, and sentence was imposed accordingly. As the sentences of the defendants Noble and Fletcher were for a longer term than allowed for the crime of conspiracy to commit an offense against the United States, they objected thereto, contending "that the court could impose no greater sentence than that provided for by section 37 of the Federal Penal Code of 1910," which denounces the crime of conspiracy to commit an offense against the United States. This court adopted the view of the then counsel for the defendants; and in our opinion we ruled that the defendants, having been indicted, tried, and convicted of the crime of conspiracy to commit an offense against the United States, should have been sentenced accordingly. We therefore reversed the judgment and remanded the cause for sentence.

It is apparent, we think, from what we have said, that the

present is merely an attempt to reopen a question fully and carefully determined in the prior appeal. The judgment will be affirmed. *Affirmed.*

An application for the writ of certiorari to the Supreme Court of the United States was denied.