**UNITED STATES v. McWILLIAMS et al.**

Cr. No. 73086.

District Court of the United States for the
District of Columbia.

Feb. 28, 1944.

O'John Rogge and Joseph W. Burns, Sp. Assts. to Atty Gen., for the United States.

Harry A. Grant, of Washington, D. C., for Garland L. Alderman.

W. Hobart Little, of Washington, D. C., for David Baxter.

Ira Chase Koehne and M. Edward Buckley, both of Washington, D. C., for Howard V. Broenstrupp and Frank W. Clark.

John T. Bonner and J. Austin Latimer, both of Washington, D. C., for George E. Deatherage.

Frank J. Kelly, of Washington, D. C., for Prescott F. Dennett.

Jos. C. Turco, of Washington, D. C., and Floyd Lanham, of Chicago, Ill., for Lawrence Dennis.

Claude A. Thompson and Wm. A. Gallagher, both of Washington, D. C., for Hans Diebel.

Dellmore Lessard, of Portland, Or., and W. Hobart Little, of Washington, D. C., for Elizabeth Dilling.

Ethelbert B. Frey, of Washington, D. C., for Robert E. Edmondson.

Ira Chase Koehne and James J. Laughlin, both of Washington, D. C., for Ernest F. Elmhurst.

Rees B. Gillespie and Joseph H. Bilbrey, both of Washington, D. C., for Franz K. Ferenz.

Marvin F. Bischoff, of Washington, D. C., for Elmer J. Garner.

Frank H. Myers and Elizabeth R. Young, both of Washington, D. C., for Charles B. Hudson.

Ellis O. Jones, in pro. per.

Chas. E. Morganston, of Washington, D. C., for August Klapprott.

P. Bateman Ennis, of Washington, D. C., for Gerhard W. Kunze.

Frank H. Myers and Elizabeth R. Young, both of Washington, D. C., for William R. Lyman, Jr.

Maximilian St. George, of Chicago, Ill., and W. Hobart Little, of Washington, D. C., for Joseph E. McWilliams.

J. Austin Latimer, of Washington, D. C., for Robert Noble.

Herbert S. Ward, of Washington, D. C., for William Dudley Pelley.

Harry A. Grant, of Washington, D. C., for E. J. Parker Sage.

Henry H. Klein, of New York, and James J. McLaughlin, of Washington, D. C., for Eugene N. Sanctuary.

Claude Thompson and Wm. A. Gallagher, both of Washington, D. C., for Herman M. Schwinn.

James J. Laughlin, of Washington, D. C., for Edward J. Smythe.

L. J. H. Herwig, of Washington, D. C., for Peter Stahrenberg.

J. Austin Latimer, of Washington, D. C., for James True.

Ben Lindas, of Washington, D. C., for George S. Viereck.

Ira Chase Koehne and M. Edward Buckley, both of Washington, D. C., for Lois DeLafayette Washburn.

John W. Jackson & E. Hilton Jackson, of Washington, D. C., for Gerald B. Winrod.

EICHER, Chief Justice.

For the purposes of this memorandum, the following résumé of the indictment before the court is believed sufficient to make understandable the conclusions herein announced:

First, the indictment avers that there began in Germany in 1933 a movement to substitute for the existing form of government in the United States a National Socialist form by causing insubordination, disloyalty, mutiny, and refusal of duty by members of the military and naval forces of the United States; that the thirty defendants named in the indictment joined in such movement; and that on June 28, 1940 Congress made it a crime (without regard to wartime or the use of force) for anyone "with intent to interfere with, impair and influence the loyalty, morale and discipline of the military and naval forces of the United States" to "advise, counsel, urge and cause insubordination, disloyalty, mutiny and refusal of duty by members of the military and naval forces of the United States," or to "distribute and cause to be distributed written and printed matter advising, counseling and urging insubordination," etc., as aforesaid (18 U.S.C.A. § 9), or to conspire to commit any of the said prohibited acts (18 U.S.C.A. § 11).

Second, the indictment charges that continuously from and after June 28, 1940, and up to and including the date of the filing of this indictment, and in continuance of the aforesaid movement in which they had joined, the thirty defendants, in violation of said law, conspired in the District of Columbia with one another and with officials of the German Reich and leaders and members of the Nazi Party therein, as co-conspirators; and that as a part of said conspiracy and as means and methods of accomplishing the objects thereof, the said defendants and co-conspirators, did, in the District of Columbia, (a) cause to be printed and circulated, inter alia, 42 specified publications and (b) use, inter alia, 35 specified agencies as distributors, and (c) thereby and otherwise disseminate, inter alia, 24 specified representations and charges.

The attacks interposed by counsel for various defendants, that are presented to the court in due and intelligible form, subdivide into the following grounds: (a) prejudicial surplusage; (b) duplicity; (c) vagueness and uncertainty; (d) three year bar; and (e) venue. Said grounds will be considered seriatim.

■ (a) It is earnestly contended that, because the acts alleged were not then a crime, the averments as to a movement in Germany started prior to June 28, 1940, in which the defendants joined, are prejudicial surplusage in an indictment that charges a conspiracy beginning after the date when, for the first time, such a movement became a crime. The court is unable to agree with the contention. Were it not alleged that the defendants joined in the movement, thereby becoming responsible for it, the argument might have more force. It appears to be well settled, however, that proof of the alleged prior facts, if offered at the trial, would be admissible as bearing on both the intent with which formed and the fact of formation of the subsequent conspiracy charged. Therefore, the averments are not surplusage; nor would they become so even if proof of the matter averred is conceded to be admissible without averment. But this is a moot question under the indictment. Furthermore, the government's case on the merits is contingent on its ability to prove the conspiracy. If unproved, there can be no prejudice, since there will be no case. If proved, there can be no prejudice for it is only detriment that results from unfair judgment that constitutes legal prejudice.

■ (b) The contention that the indictment is duplicitous, in fact, "triplicitous" as some counsel have argued, cannot be sustained. The specific and only charge is violation of 18 U.S.C.A. § 11, by conspiring to commit the acts prohibited in 18 U. S.C.A. § 9, which prohibition is not limited to wartime nor to the use of force. The averments as to what happened between 1933 and 1940 cannot be deemed a charge of conspiracy to commit treason (18 U.S. C.A. § 1) since an essential element therein is aid and comfort to "enemies" and Germany did not become a statutory enemy until December 1941. They cannot be deemed a charge of conspiracy to violate 18 U.S. C.A. § 10, since an essential element there is "force", nor 50 U.S.C.A. § 33, since, again, an essential is "in time of war", nor 18 U.S.C.A. § 6, since there, also, an essential is "force". Thus, since the four corners of the indictment present only one possible conspiracy there is obviously no

duplicity, and this is so even though other crimes committed in effectuating the conspiracy may be alleged or proven.

(c) Careful consideration of the indictment as a whole convinces that it is not so vague or uncertain as to make it vulnerable to demurrer or motion to quash. Among the suggested sins of omission is the absence of allegation that any member of the military or naval forces actually received any of the material set forth in the indictment, or was influenced thereby. To establish the offense of conspiracy, however, the law requires neither pleading nor proof that the enterprise has been crowned with success. That wrongful intent or purpose appears, is enough. Were the rule otherwise, the offense of conspiracy would be a vermiform appendix in the body of criminal law, since all participants could be just as well punished as aiders and abettors in the committing of the substantive crime.

Whether the government should be required to supply additional particulars is, of course, reserved for determination when motions directed to that end are under consideration.

(d) It is also earnestly contended in both oral and written argument that, because a conspiracy arising under 18 U.S.C.A. § 11, can become a completed offense without allegation or proof of an overt act, the indictment on its face charges such a completed offense to have been committed immediately, or certainly within a few months, after June 28, 1940, and that because the instant indictment was not returned until January 3, 1944, prosecution thereunder is barred by the three-year statute of limitations. Disregarding for the purposes of this ruling in this case the probability that such an objection, under present rules of criminal procedure, can be raised only by plea in bar to be determined upon evidence, the court has concluded that the objection is without merit at this stage of the proceeding. The indictment clearly charges a continuing conspiracy to attain the objectives condemned by 18 U.S.C.A. § 9, in that the defendants and their co-conspirators would and did use the listed publications and agencies to disseminate the representations and charges that would bring about the insubordination, etc., that was intended. True enough, it is well settled that as to conspiracies under 18 U.S.C.A. § 88, which do not become crimes until an overt act has occurred, the statute of limitations starts to run from the date of the last overt act, each succeeding overt act, if more than one, being considered the consummation of a new or revived conspiracy. Thus a locus poenitentiae exists whereby if, for a period of three years, no fresh overt act is committed by any of the partners in the original agreement, all partners are thereupon deemed as a matter of law to have "sought and found a place of repentance" and to be accordingly entitled to "absolution". With regard to the common law type of conspiracy, however, that becomes an offense without an overt act, if it is alleged to be continuing as to its objectives to a date that is less than three years before the return of the indictment, the authorities are convincing to this court that the statute starts to run for the benefit of any alleged conspirator only from the date of some affirmative act on his part of withdrawal from the conspiracy. This, obviously, makes it a matter of defense which can only be resolved after evidence.

(e) There remains the question of this court's jurisdiction to entertain the indictment as it affects defendants who are non-residents of the District of Columbia and are not charged in the indictment with having been physically present in the District to participate in a conspiracy actually formed here. The indictment does, however, charge all defendants with having conspired in the District that they would and did in the District use the listed publications and agencies to disseminate in the District the representations and charges that the indictment alleges were intended to accomplish the unlawful purposes of the conspiracy. If such allegations can be sustained by the proof, the court is satisfied that the objections to the court's jurisdiction and to venue in the District of Columbia are not well taken, for, assuming a conspiracy by all the defendants, no matter where entered into, then any acts done within the District in furtherance of its objectives, by any defendant, establish venue here as to all. Standing as we do at the threshold, the allegations of the indictment are controlling and the court is without discretion.

It follows that all pleas to the jurisdiction, motions to quash and demurrers that have been submitted must be denied and overruled, and counsel for the government may draw and present appropriate orders,

reserving to each and all of the defendants due exception to the court's decision.

Counsel for the government is directed to furnish counsel of record for all defendants a copy of this memorandum.