## NOBLE v. BOTKIN.

### No. 9118.

United States Court of Appeals District of Columbia.

Argued Dec. 13, 1945.

Decided Jan. 28, 1946.

Mr. James J. Laughlin, of Washington, D. C., for appellant.

Mr. Sidney S. Sachs, Assistant United States Attorney, of Washington, D. C., with whom Messrs. Edward M. Curran, United States Attorney, and Charles B. Murray, Assistant United States Attorney, both of Washington, D. C., were on the brief, submitted for appellee. Mr. Bernard Margolius, Assistant United States Attorney, of Washington, D. C., also entered on appearance for appellee.

Before EDGERTON, CLARK, and PRETTYMAN, Associate Justices.

### PER CURIAM.

Appellant petitioned for a writ of habeas corpus in the District Court. After hearing, the writ was quashed and the petitioner remanded to the custody of the respondent.

The appellant had been brought to the District of Columbia from the Federal Penitentiary at Lewisburg, Pennsylvania, on a writ of habeas corpus ad prosequendum to stand trial in the sedition case.[1] He has since been confined in the District Jail pending completion of the trial for which he had been secured. His petition, dismissed by the court below, challenges the authority of the District Court to issue a writ of habeas corpus ad prosequendum for a person confined outside the limits of the District of Columbia, and sets up allegations of error in criminal proceedings in the United States District Court for the Southern District of California. This latter trial culminated in the sentence he was serving at Lewisburg at the time he was brought to the District.

On this appeal the appellant has asked that we reexamine our decision in Downey v. United States, 67 App.D.C. 192, 91 F.2d 223, on the matter of the authority of the District Court of the United States for the District of Columbia to issue a writ of habeas corpus ad prosequendum. This we have done, and find no occasion for modification or explanation of that opinion on the point here at issue. We regard the opinion correct and abundantly clear as to the power of District Court justices to issue the writ in question. We consider that this case is precisely in point as to the only question really in issue upon this appeal, and feel that a repetition or paraphrase of the opinion rendered by Justice Stephens, speaking for this court, in the Downey case would be merely a work of supererogation.

Further, we are in accord with the conclusions of law reached by the District Court in the instant case, holding that petitioner could not have alleged errors in the California trial examined here, where he is held solely by reason of the writ of habeas corpus ad prosequendum.

Affirmed.

---

[1] United States v. McWilliams et al., 54 F.Supp. 791, District Court of the United States for the District of Columbia.