## CHRISTOFFEL v. UNITED STATES.

### No. 9788.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 18, 1948.

Decided Nov. 22, 1948.

Mr. O. John Rogge, of Washington, D. C., for appellant. Mr. John F. Davis, of Washington, D. C., also entered an appearance for appellant.

Messrs. John S. Pratt, Sp. Asst. to the Atty. Gen., and a member of the Bar of the Supreme Court of Ohio, pro hac vice, by special leave of Court, and James. W. Knapp, of Washington, D. C., Attorney, Department of Justice, with whom Mr. George Morris Fay, U. S. Atty., of Washington, D. C., was on the brief, for appellee. Messrs. Sidney S. Sachs and John D. Lane, Asst. U. S. Attys., both of Washington, D. C., also entered appearances for appellee.

Before EDGERTON, CLARK, and PRETTYMAN, Circuit Judges.

EDGERTON, Circuit Judge.

Appellant has been convicted of perjury as a witness before the Committee on Education and Labor of the House of Repre-

sentatives. The sufficiency of the evidence that he gave false answers under oath is not disputed. Neither is the authority of the Committee, when sitting, to ask the questions. Appellant's chief contention is that the Committee was not sitting.

■ The Committee had 25 members. Under the rules of the House a majority was a quorum. The Committee's records show, and there is no dispute, that 14 members were present at the beginning of the afternoon session on March 1, 1947, during which appellant testified. Its records unaided by oral evidence do not show that less than 13 members were present, or that anyone suggested lack of a quorum, at any time that afternoon. Undisputed testimony shows that no such suggestion was made. The Chairman of the Committee testified that a quorum was present when appellant testified before the Committee.

Appellant offered evidence tending to show that a quorum was not present when he testified. Judge Curran refused to submit this question to the jury. Instead he gave the following instruction: " * * * If 13 members did meet at the beginning of the afternoon session of March 1, 1947, and thereafter during the progress of the hearing some of them left temporarily or otherwise and no question was raised as to the lack of a quorum, then the fact that the majority did not remain there would not affect, for the purposes of this case, the existence of that Committee as a competent tribunal * * *."[1] In the circumstances of this case we think this ruling was right

and a contrary ruling would have been narrowly technical.[2]

■ An enrolled statute cannot be impeached by proof of irregularity in its enactment.[3] We do not suggest carrying the analogy so far as to hold that whatever purports to be the action of a congressional committee must be accepted as such. We hold only that a hearing before a regularly convened congressional committee, appearing from the committee's record to be regularly conducted, and later recognized, as this hearing was, by the committee and by the House, cannot afterwards be impeached, for the benefit of a defendant who did not at the time question its regularity, by showing that a quorum was not in fact present when he gave false testimony. So much, we think, is required by a reasonable regard for the substance of things and by the respect courts owe to Congress. It gives some protection to the public interest in discouraging perjury intended and apt to influence congressional committees, and injures no private interest except freedom of perjury.

■ Appellant says the indictment was drawn and the sentence imposed under the perjury statute in the District of Columbia Code, D.C.Code 1940, § 22—2501. He contends that perjury before a congressional committee is punishable only under the perjury statute in the federal Criminal Code, 18 U.S.C.A. § 231 (now § 1621). Since this case was argued, this court has decided the contrary.[4]

---

[1] The record and briefs in Meyers v. United States, —— U.S.App.D.C. ——, 171 F.2d 800, show that Judge Holtzoff made a similar ruling in that case, D.C., 75 F. Supp. 486, and the point was raised on appeal. Judge Bailey made what we understand to be a similar ruling twenty years ago. United States v. Stewart, Dist. Court, Dist. of Columbia, Nov. 20, 1928, Crim. No. 47138; unreported. The case is referred to and the charge to the jury quoted in 6 Cannon's Precedents, § 345.

[2] Even the technical argument against the ruling might be met by a technical reply. Since the members of the Committee who left, as well as those who remained, manifestly intended that the latter should have authority to continue the

hearing at least until a quorum was demanded, it might be argued that the full meeting delegated this authority to a subcommittee composed of those who remained.

[3] Field v. Clark, 143 U.S. 649, 12 S.Ct. 495, 36 L.Ed. 294; United States v. Ballin, 144 U.S. 1, 12 S.Ct. 507, 36 L.Ed. 321.

[4] Meyers v. United States, supra, Note 1.

Presumably the local perjury statute is intended to meet local conditions. O'-Brien v. United States, 69 App.D.C. 135, 137, 99 F.2d 368, 370. The present sort of perjury comes nearer than most others to being local, since congressional committees usually hold their hearings in the District of Columbia.

██ At the beginning of the trial this colloquy occurred between appellant's counsel and the court:

"Mr. Rogge: I notice Government counsel have an additional set of pages with reference to the jurors, which apparently contain additional information. I am asking for a copy of that so that we may have the same benefit of the same information that the Government has.

"The Court: That will be denied.

"Mr. Rogge: I also want to make this observation, that this was raised as an objection in the Sedition Case [United States v. McWilliams, D.C., 54 F.Supp. 791] and the Judge disqualified that panel and we started with a new panel. If it is true, as I think from the sheets that I see in the Government's possession, that they have had an F.B.I. investigation made of the jury, I raise that, if Your Honor please, as an objection to this panel and I refer to the action Chief Justice Eicher took in the Sedition Case where, as I say, he disqualified the panel, even though that had been done without any of the members of the panel knowing anything about it, he nevertheless disqualified the panel.

"The Court: Very well. That is denied."

There is no merit in the contention that the court should have disqualified the panel or should have allowed appellant's counsel to examine the government's notes, if any, concerning it. There is no evidence, and counsel did not attempt to introduce any, that the government made any investigation, to say nothing of an improper one, of prospective jurors. Counsel's suggestion of what he thought probable is not evidence. The Sinclair case [Sinclair v. United States], 279 U.S. 749, 49 S.Ct. 471, 73 L.Ed. 938, 63 A.L.R. 1258, involved offensive shadowing of jurors during a trial and is plainly not in point. And the government is not required to furnish the defense with notes it may have made for use in selecting a jury.

Affirmed.