## YODOCK v. UNITED STATES.
### Civ. No. 4172.

United States District Court
M. D. Pennsylvania.
Dec. 11, 1951.

No appearance for plaintiff.

Arthur A. Maguire, U. S. Atty., Scranton, Pa., Charles W. Kalp, Asst. U. S. Atty., Lewisburg, Pa., for defendant.

WATSON, Chief Judge.

This is the second motion which petitioner has filed to vacate judgment and sentence in criminal case No. 9620, wherein petitioner was tried and convicted in this Court in December, 1939, on a two count indictment charging him with entering the Plymouth National Bank, with intent to commit a felony, and with entering the Bank with intent to commit larceny. Petitioner was sentenced to serve 15 years on

each count to be served concurrently and not consecutively.

The first motion to vacate judgment and sentence No. 3858 Civil, was denied by this Court, on May 2, 1951, and leave to prosecute an appeal in forma pauperis was denied by the United States Court of Appeals for the Third Circuit on July 9, 1951.

The second motion now before this Court raises one question which was not presented in the former motion. At the time the petitioner was sentenced in No. 9620 Criminal, he was serving a sentence in the Eastern State Penitentiary, Philadelphia, Pennsylvania, which had been imposed by the Court of Quarter Sessions of Schuylkill County, Pennsylvania, to No. 29 January Term, 1930, and No. 604 May Term, 1938. Petitioner was brought into the Middle District of Pennsylvania to stand trial in Criminal Case No. 9620 on a writ of habeas corpus ad prosequendum issued by this Court on November 21, 1939, and directed to the Warden of the Eastern State Penitentiary, Philadelphia, Pennsylvania. Petitioner now contends that this Court did not acquire jurisdiction over his person when he was brought into the Middle District of Pennsylvania by State authorities for trial on the Federal charges.

■ The procedure by which this Court acquired jurisdiction of the petitioner for trial was proper and constituted no violation of his constitutional rights. A writ of habeas corpus ad prosequendum may be issued to remove a prisoner in order to prosecute him for an offense in the jurisdiction where the crime was committed. Price v. Johnston, 9 Cir., 1947, 159 F.2d 234. The District Court's power to issue a writ of habeas corpus ad prosequendum extends to persons confined outside the limits of the District as well as within the District. Noble v. Botkin, 1946, 80 U.S. App.D.C. 354, 153 F.2d 228; Downey v. United States, 1937, 67 App.D.C. 192, 91 F. 2d 223.

■ Petitioner's rights also were not violated when the Pennsylvania State au-thorities turned him over to the Federal Government for trial in the Middle District of Pennsylvania, for it is well settled that the cooperation of State and Federal agencies to vindicate their respective criminal statutes is proper. This being a matter of comity between two sovereigns, such action is not subject to the control of the petitioner. Swietkoski v. Humphrey, Warden,[1] Habeas Corpus, Nos. 248 and 249 (D.C., M.D., Pa.); Ex parte Rockwell, D.C., M. D., Pa., 1948, 75 F.Supp. 702.

This Court finds from an examination of the motion, answer and record that this Court had jurisdiction to render the judgment of conviction; that the sentence imposed was authorized by law; that the sentence is not otherwise open to collateral attack; and that there has not been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack. The motion, answer, files and records of the case conclusively show that the petitioner is entitled to no relief and hence a hearing would serve no useful purpose. An appropriate order will be filed herewith.

---

1. No opinion for publication.