**William H. BANKS WAREHOUSES, Inc., a corporation, and John Alfred Halford, Appellants, v. George L. WATT et al., Appellees.**

No. 13112.

United States Court of Appeals
Ninth Circuit.

May 15, 1952.

Rehearing Denied June 19, 1952.

J. L. Eberle, T. H. Eberle and W. D. Eberle, all of Boise, Idaho, L. Duncan Lloyd, Wm. H. Hillier, Chicago, Ill. (Richards, Haga & Eberle, Boise, Idaho, Lord, Bissell & Kadyk, Chicago, Ill., of counsel), for appellants.

Ray D. Agee, Frank L. Stephan, Beckwith & Langley and Parry, Keenan, Robertson & Daly, all of Twin Falls, Idaho, for appellees.

William R. Wallace, Jr., Maynard Garrison, William R. Ray and John R. Pascoe, all of San Francisco, Cal., amici curiæ.

Before MATHEWS, HEALY and BONE, Circuit Judges.

PER CURIAM.

This appeal is from a judgment in two consolidated actions—an action by William H. Banks Warehouses, Inc., and John Alfred Halford against W. Andrew Jean and others and an action by George L. Watt and others against William H. Banks Warehouses, Inc., and Underwriters at Lloyd's (London). On the grounds and for the reasons stated in the District Court's opinion, 96 F.Supp. 731, the judgment is affirmed.

**John YODOCK, Appellant, v. UNITED STATES of America.**

No. 10693.

United States Court of Appeals
Third Circuit.

Submitted May 5, 1952.

Decided May 23, 1952.

John Yodock, pro se.

Arthur A. Maguire, U. S. Atty., Scranton, Pa., for respondent.

Before MARIS, GOODRICH and HASTIE, Circuit Judges.

PER CURIAM.

This is an appeal from the denial of the district court of a motion under Section 2255 of Title 28, U.S.C., to vacate judgment and sentence in a criminal case. The appellant urges that the court was without power to try and sentence him because he was brought to the trial in the Middle District of Pennsylvania in response to a writ of habeas corpus directed to the warden of the Eastern State Penitentiary in the Eastern District of Pennsylvania. It may be conceded that the writ was improperly issued to a custodian outside the Middle District of Pennsylvania. The fact remains, however, that the defendant was actually produced in the Middle District for his trial. It is not shown that he was denied due process in the trial. The manner in which his presence was secured did not affect the power of the court to try him. Pettibone v. Nichols, 1906, 203 U.S. 192, 27 S.Ct. 111, 51 L.Ed. 148; Chandler v. United States, 1 Cir., 1948, 171 F.2d 921, 934, certiorari denied 336 U.S. 918, 69 S.Ct. 640, 93 L.Ed. 1081; Gillars v. United States, 1950, 87 U.S.App.D.C. 16, 182 F.2d 962, 972.

The order of the district court will be affirmed. 101 F.Supp. 480.