## WAGSTAFF v. UNITED STATES.

No. 11366.

United States Court of Appeals
District of Columbia Circuit.

Argued June 23, 1952.

Decided July 10, 1952.

James J. Laughlin, Washington, D. C., with whom Albert J. Ahern, Jr., Washington, D. C., was on the brief, for appellant.

William J. Peck, Asst. U. S. Atty., Washington, D. C., with whom Charles M. Irelan, U. S. Atty., Joseph M. Howard, Frederick G. Smithson and William E. Kirk, Jr., Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before CLARK, FAHY and WASHINGTON, Circuit Judges.

PER CURIAM.

Appellant was found guilty of the crimes of armed robbery and carrying a pistol without a license. D.C.Code (1940) §§ 22–2901, 22–3202, 22–3204. After canvassing the record and the contentions of the appellant, we find no reversible error. The trial court's instructions to the jury were clear, adequate and wholly fair to the defendant. Appellant's trial counsel advised the court that he had no request for any further charge and no exceptions whatever to the charge as given. Alleged errors in the admission of evidence were not in any instance of a character to warrant reversal; in most instances, in fact, no objection was raised during the trial to the testimony now challenged. See Guy v. United States, 71 App.D.C. 89, 107 F.2d 288. After conviction, appellant's present counsel moved for a new trial, stating that he wished to offer the testimony of a psychiatrist that at the time of the offense appellant had been of unsound mind. The trial court declined to hear this testimony on the ground that "if it is a matter of defense, it should have been pleaded at the trial of the case." Prior to the trial the court had granted appellant's motion that he be examined by three

psychiatrists, one of whom was of his own choosing. All three concluded that he was of sound mind, and no claim was made during the trial that appellant had been of unsound mind at the time of the offense. Under these circumstances the trial court did not abuse its discretion in declining to hear the proffered testimony. See Saunders v. United States, 91 U.S.App.D.C. ——, 197 F.2d 685. The judgment of the District Court will accordingly be

Affirmed.