**CHRISTOFFEL v. UNITED STATES.**
**No. 11852.**

United States Court of Appeals
District of Columbia Circuit.

Argued March 19, 1954.

Decided May 13, 1954.

---

Mr. David Rein, Washington, D. C., for appellant.

Mr. James W. Knapp, Atty., Dept. of Justice, with whom Mr. Leo A. Rover, United States Atty., was on the brief, for appellee. Messrs. Lewis A. Carroll, Asst. U. S. Atty., and William J. Peck, Asst. U. S. Atty. at the time the record was filed, also entered appearances for appellee.

Before WILBUR K. MILLER, BAZELON and FAHY, Circuit Judges.

FAHY, Circuit Judge.

Appellant's conviction of perjury was affirmed by this court in Christoffel v. United States, 84 U.S.App.D.C. 132, 171 F.2d 1004, but reversed by the Supreme Court, 338 U.S. 84, 69 S.Ct. 1447, 93 L.Ed. 1826. Upon retrial appellant was again convicted and we affirmed, 91 U.S. App.D.C. 241, 200 F.2d 734. He again petitioned the Supreme Court for a writ of certiorari. Without briefs on the merits or argument the Supreme Court in a single *per curiam* order granted certiorari, vacated the judgment of this court and remanded the case to the District Court for resentencing under 18 U.S.C. § 231 (1946).[1] Christoffel v. United States, 345 U.S. 947, 73 S.Ct. 868, 97 L.Ed. 1371. This was done. Christoffel again appeals, raising questions not connected with the resentencing which occurred pursuant to the mandate of the Supreme Court, but directed to the earlier District Court proceedings which preceded our decision in 91 U.S.App.D.C. 241, 200 F.2d 734.

The Government urges that since the mandate of the Supreme Court required, in addition to vacation of our judgment, only resentencing of Christoffel by the *District Court, we are without jurisdiction on the present appeal to consider questions unrelated to the resentencing itself.*

We may not review action taken as required by a mandate of the Supreme Court. It is for that Court to construe *its own mandate as to all matters encompassed by it.* In re Sanford Fork & Tool Co., 160 U.S. 247, 255–256, 16 S.Ct. 291, 40 L.Ed. 414; Gaines v. Rugg, 148 U.S. 228, 238, 13 S.Ct. 611, 37 L.Ed. 432; Ohio Oil Co. v. Thompson, 8 Cir., 120 F.2d 831, certiorari denied, 314 U.S. 658, 62 S.Ct. 112, 86 L.Ed. 528. But the mandate is controlling only as to matters within its compass. Lower courts are free as to other matters over which they have jurisdiction. Sprague v. Ticonic Nat. Bank, 307 U.S. 161, 168, 59 S.Ct. 777, 83 L.Ed. 1184; In re Sanford Fork & Tool Co., supra; Mason v.

---

1. The question whether 18 U.S.C. § 231 (1946), now 18 U.S.C. § 1621 (Supp. 1952), or § 22-2501, D.C.Code (1940), applied, had been in the case from the beginning. Appellant's position that the former applied had been rejected when the case was before this court in Christoffel v. United States, 84 U.S.App.D.C. 132, 171 F.2d 1004. This ruling had not been disturbed by the Supreme Court in 338 U.S. 84, when the original conviction was reversed on other grounds, nor departed from by us when we affirmed the second conviction in 91 U.S.App.D.C. 241, 200 F.2d 734.

Pewabic Mining Company, 153 U.S. 361, 14 S.Ct. 847, 38 L.Ed. 745; Illinois Bell Telephone Co. v. Slattery, 7 Cir., 98 F.2d 930; Id., 7 Cir., 102 F.2d 58, certiorari denied, 307 U.S. 648, 59 S.Ct. 1045, 83 L.Ed. 1527; Ohio Oil Co. v. Thompson, supra.

The Supreme Court mandate here provided:

"\* \* \* It is ordered and adjudged by this Court that the judgment of the said United States Court of Appeals, in this cause, be, and the same is hereby, vacated; and that this cause be, and the same is hereby, remanded to the United States District Court for the District of Columbia for resentencing under 18 U.S.C. (1946 Ed.), Sec. 231."

■ As stated, we are not asked to review the resentence as such, but only alleged errors relating to the conviction. If, however, we were to act favorably to appellant on any of his contentions, the consequence would be to reverse or set aside the sentence. For it constitutes the judgment from which the appeal is taken. Because of this it may be argued that we are powerless to entertain questions the resolution of which might entail the setting aside of action of the District Court taken in strict accordance with the mandate of the Supreme Court. But we do not think this is a true appraisal of the legal situation. It does not appear from its *per curiam* order that the Supreme Court reviewed in a definitive manner errors asserted to have occurred during the trial. It might not have been thought a case which required full consideration by the Supreme Court, though the sentence itself must be imposed under the applicable statute. In these circumstances we do not think the mandate is to be construed so as to deprive us of jurisdiction over matters not in reality embraced in the resentencing itself or in the mandate which preceded it.[2] We have jurisdiction to review errors said to undermine a conviction, and consequent sentence, notwithstanding we had already done so on a prior appeal.[3] See Fletcher v. United States, 42 App.D.C. 511, certiorari denied, 235 U.S. 706, 35 S.Ct. 283, 59 L.Ed. 434. We are asked, in substance, to grant a rehearing of appellant's appeal. This we have jurisdiction to do; otherwise errors which go to the validity of a judgment based upon a conviction might be left uncorrected, inconsistent with such provisions as 28 U.S.C. § 2255, permitting even collateral attack, though on limited grounds.

■ We nevertheless affirm. The questions now pressed are untimely. The case has been submitted twice before to this court, on appeal and on petition for rehearing, and has been before the Supreme Court. In none of these proceedings was any one of the matters now presented asserted as error. Upon examining each of them we conclude that in these circumstances none constitutes the kind of error which we ought now to consider.

Affirmed.

2. See Mutual Life Insurance Co. v. Hill, 193 U.S. 551, 553, 24 S.Ct. 538, 48 L.Ed. 788, and compare with In re Potts, 166 U.S. 263, 17 S.Ct. 520, 41 L.Ed. 994; Gaines v. Rugg, supra.

3. Nor are we without power to reverse our earlier determinations. Remington v. Central Pacific R.R. Co., 198 U.S. 95, 100, 25 S.Ct. 577, 49 L.Ed. 959; Messenger v. Anderson, 225 U.S. 436, 444, 32 S.Ct. 739, 56 L.Ed. 1152.