## WILLIAMS v. UNITED STATES.

### Nos. 1435, 1436.

Municipal Court of Appeals for the District of Columbia.

Argued April 12, 1954.

Decided May 14, 1954.

James J. Laughlin, Washington, D. C., with whom John J. Simonetta, Washington, D. C., was on the brief, for appellant.

Samuel J. L'Hommedieu, Jr., Asst. U. S. Atty., Washington, D. C., with whom Leo A. Rover, U. S. Atty., Lewis A. Carroll and Kitty B. Frank, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Two informations were filed against appellant who was tried, convicted, and sentenced for making threats in a menacing manner [1] and for unlawfully having in his possession an automatic pistol, having been convicted of a crime of violence in the District of Columbia.[2] Sentence was pronounced on September 30, 1952. On October 6, 1952, a motion for a new trial was filed, which motion was denied on January 8, 1953, after hearing. No appeal was noted. On March 5, 1953, appellant filed a motion to vacate judgments of conviction on the ground that appellant was of unsound mind at the time he committed these offenses. After hearing that motion was denied on March 6, 1953. On May 14 he filed another motion to vacate and nullify the judgments of conviction and to order a psychiatric examination. After a full hearing was had on the motion, it was denied on July 31, 1953, and from such denial this appeal was taken.

The principal and, in fact, the only error alleged is that the trial court abused its discretion in denying the motion to vacate the judgments of conviction.

It is settled in this jurisdiction that a claim of insanity at the time of the commission of a crime is a matter of defense and must be raised at the time of trial.[3] The record reveals that appellant was discharged from St. Elizabeth's Hospital as having recovered from a mental disorder less than two months before the date of these crimes. Thus the usual presumption of a defendant's sanity existed at the time of trial,[4] and no attempt was made at trial to rebut this presumption.[5]

We rule that appellant's failure to raise the defense of insanity at trial precluded him from raising it at a later date by motion and therefore the denial of his motion will be affirmed.

Affirmed.

1. Code 1951, § 22-504.

2. Code 1951, § 22-3203, subsequently amended by the District of Columbia Law Enforcement Act of 1953, Public Law No. 85, 83rd Cong., 1st Sess., approved June 29, 1953.

3. Wagstaff v. United States, 91 U.S.App. D.C. 146, 198 F.2d 955, certiorari denied 344 U.S. 920, 73 S.Ct. 387, 97 L.Ed. 709; Saunders v. United States, 91 U.S. App.D.C. 90, 197 F.2d 685; Myers v. Halligan, 9 Cir., 244 F. 420.

4. Tatum v. United States, 88 U.S.App.D.C. 386, 190 F.2d 612.

5. Appellant was represented by other counsel at trial, and no charge is made that he was not capably represented.