Joseph A. **WAGSTAFF**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 13672.

United States Court of Appeals
District of Columbia Circuit.

Argued April 3, 1957.

Decided April 22, 1957.

---

Mr. William E. Owen, Washington, D. C., for appellant.

Mr. Alfred Burka, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Lewis Carroll, Asst. U. S. Atty., were on the brief, for appellee.

Before FAHY, WASHINGTON and DANAHER, Circuit Judges.

FAHY, Circuit Judge.

In Wagstaff v. United States, 91 U.S. App.D.C. 146, 198 F.2d 955, hereinafter referred to as the original appeal, we affirmed this appellant's conviction of armed robbery and of carrying a pistol without a license, in violation of §§ 22–2901, 22–3202, 22–3204, D.C.Code 1940, for which he had been sentenced January 15, 1952. The sentence then imposed was modified October 9, 1953 on appellant's motion under 28 U.S.C. § 2255 (1952) alleging that in part the sentence was in excess of that authorized by law. Appellant was not present when the Court made the modification. No-

vember 12, 1953, he appealed a second time from the conviction we had affirmed in Wagstaff v. United States, supra. This second appeal was dismissed July 10, 1954, because of appellant's failure to comply with Rule 39(c) Fed.R.Civ.P., 28·U.S.C. May 22, 1956, he again moved under section 2255 to vacate his sentence on the ground that he had not been present in court when it was modified October 9, 1953. In the exercise of a commendable precaution the District Court had appellant returned from Alcatraz Island to the District of Columbia and on November 30, 1956, with appellant present, the Court vacated the sentence and resentenced appellant.[1]

The present appeal is from the judgment of November 30, 1956. This judgment includes the new sentence then imposed, which was the occasion for the judgment of that date. Yet the sentence itself is not now attacked; the only points raised are that the original conviction was impaired by the erroneous admission in evidence during the trial of a confession of a codefendant and by certain comments the trial judge made to the jury after the foreman had announced its verdict but before the jury had been polled at defense counsel's request. The first of these questions was decided against appellant when we affirmed on the original appeal, and the latter is now raised for the first time. Both are matters which were appropriate for consideration on the original appeal. Neither is open on this appeal from the judgment of November 30, 1956, which embodies the new sentence then imposed in respose to appellant's motion under section 2255 collaterally attacking his previous sentence only. Adams v. United States, 95 U.S. App.D.C. 354, 222 F.2d 45. Cf. Christoffel v. United States, 94 U.S.App.D.C. 168, 214 F.2d 265, where the attack was direct.

Affirmed.

---

1. On December 10, 1956, after appellant's counsel had requested the Court for clarification of the sentence, it vacated the order of October 9, 1953, modifying the original sentence.