**Leon EDWARDS, Petitioner,**

v.

**UNITED STATES, Respondent.**

Misc. No. 735.

United States Court of Appeals
District of Columbia Circuit.

May 29, 1958.

Messrs. John T. Miller, Jr., and Thomas F. Ryan, Jr., Washington, D. C. (appointed by this court) for petitioner.

Messrs. Oliver Gasch, U. S. Atty., and Lewis Carroll and Fred L. McIntyre, Asst. U. S. Attys., for respondent.

Before WILBUR K. MILLER, FAHY and BURGER, Circuit Judges.

PER CURIAM.

Petitioner was sentenced for robbery in January, 1955. He took no appeal. In January, 1956, he moved for relief under 28 U.S.C. § 2255, alleging (1) counsel was not present during sentencing;[1] (2) the trial court erroneously instructed the jury on flight; (3) the trial court laughed when petitioner advised the court at sentencing that he could not contact his counsel so that he could be present; and (4) the trial court denied petitioner the right to petition for an appeal in forma pauperis. The trial court denied the motion on March 1, 1956.

Three months later, petitioner sought leave from us to appeal in forma pauperis from the trial court's March 1 denial of the § 2255 motion. The allegations presented to us were (1) absence of counsel during sentencing; (2) erroneous instructions to the jury; (3) petitioner was arrested without a warrant; (4) petitioner was kidnapped from an extradition hearing; (5) gross incompetence of counsel (without any factual allegations); and (6) intimidation of defense witnesses.

On July 30, 1956, we granted leave to appeal in forma pauperis solely *because of the alleged error in sentencing.* The Government conceded the defect in the original sentencing and we remanded for resentencing *without hearing argument.* Petitioner was resentenced on October 5, 1956, but since counsel was again not present, and it was not clear whether petitioner had waived this right, the trial court resentenced him again on October 19.

On October 29, 1956, petitioner filed a petition to appeal in forma pauperis from the sentence of October 19, 1956. This time the allegations were (1) failure of the trial court to calculate properly the sentence; (2) petitioner had been shown

---

1. Gadsden v. United States, 1955, 96 U.S. App.D.C. 162, 223 F.2d 627, held that a convicted defendant has a right to counsel at sentencing.

nothing but prejudice and bias; (3) prior sentences had never been set aside; (4) petitioner had had four different sentences imposed and unfair advantage had been taken of him that "borders on quadruple jeopardy"; and (5) the present sentence was overreaching and void. The trial judge denied the petition on November 5.

On November 15, 1956, petitioner sought leave from us to appeal in forma pauperis, alleging (1) the sentence of 1 to 12 years and 2 months was illegal;[2] (2) the trial court failed to calculate that portion of sentence served from date of original sentence, plus statutory, industrial and aggregated good time; (3) four different sentences were imposed without any of the first three being vacated; (4) the trial judge erred in failing to appoint counsel for the sentencing of October 5; and (5) not all points raised by petitioner had been disposed of by us when his case was first before us (July 30, 1956). The Government filed an opposition, and in reply to it petitioner added the allegations that (1) he doubted that the date of indictment was correct; (2) he never saw a copy of the indictment; and (3) he never got a chance to follow through with his appeal of July 30, 1956, partly because of lack of counsel.

Before considering whether to grant or deny the petition, we appointed counsel to represent the petitioner. Counsel prepared a careful memorandum recommending that the appeal in forma pauperis be granted. The only error discussed in the memorandum concerned the trial court's instructions to the jury on the subject of flight. Counsel asserted he was unable to assess the merits of the other allegations because of lack of a transcript; counsel was taking it for granted that the resentencing opened the entire *original merits* of his conviction.

Counsel, however, had misunderstood the scope of review. At that stage of the proceedings, the only matters open for review were allegations pertinent to the resentencing of October 19.[3] All other contentions had already been disposed of, or else were not open for review on a § 2255 motion. After considering the points raised which were pertinent *to the resentencing,* we concluded there was no basis on which appeal should be allowed, and without opinion denied leave to appeal in forma pauperis. The merits of his original conviction of January 1955 not being open to review, there was no occasion to consider ordering a transcript.

Counsel then petitioned the Supreme Court for a writ of certiorari, which was granted. Our denial of leave to appeal in forma pauperis was vacated, and the case was remanded to us "with instructions to afford the petitioner an opportunity to substantiate his allegations,"[4] citing Farley v. United States, 1957, 354 U.S. 521, 77 S.Ct. 1371, 1 L. Ed.2d 1529; Johnson v. United States, 1957, 352 U.S. 565, 77 S.Ct. 550, 1 L. Ed.2d 593.

We have set forth these facts in detail because we are satisfied that the mandate of the Supreme Court was based upon an assumption that the scope of review was as of an appeal from the original sentence, and that the mandate would not have issued had the Court's attention been called to the fact that they were dealing with an appeal from a corrective resentence imposed nearly two years after the original trial and sentence. Petitioner's fact statement in his brief in support of the writ correctly set forth the bare sequence of events, but in the written argument the

---

2. When first sentenced, the term was 5 to 15 years. The resentence of October 5 was from 1 to 14 years. The final resentence was from 1 to 12 years and 2 months.

3. Wagstaff v. United States, 1957, 100 U.S.App.D.C. 242, 243 F.2d 665.

4. 1957, 355 U.S. 36, 78 S.Ct. 124, 2 L.Ed. 2d 72, filed in this court January 3, 1958.

facts were presented in such a way as to suggest that the entire case was open to review. The pertinent part of the brief states:

"Petitioner made timely application for leave to appeal in forma pauperis. Within ten days after final sentencing by the trial judge, he applied to the District Court for leave to appeal in forma pauperis. 'Final judgment in a criminal case means sentence. The sentence is the judgment.' Berman v. United States, 1937, 302 U.S. 211, 212 [58 S.Ct. 164, 82 L.Ed. 204]; Parr v. United States, 1956, 351 U.S. 513, 518 [76 S.Ct. 912, 100 L.Ed. 1377]. Within ten days after denial by the trial judge of his request to proceed in forma pauperis, Petitioner filed with the Court of Appeals a petition for leave to prosecute an appeal in forma pauperis (R.1)."

We think that in the interest of clarity and accuracy it should at least have been pointed out that the sentence from which counsel correctly states timely application for leave to appeal was made, took place over *21 months after the first sentence had been imposed.*

The sole purpose of our remand to the District Court was to cure a defect in the original sentence. We do not believe that an appeal from the resentence subsequently imposed opens up review of the trial proceedings. This court has so held, see note 3 *supra,* and we consider ourselves bound.

Of course, petitioner was not obliged to agree with us, but it was incumbent on him, if he desired that Wagstaff be overruled or distinguished, to so argue. Failure to argue the issue, combined with inadvertent phraseology which would lead a reader to assume that the issue was not involved, leads us to believe the Supreme Court did not intend to decide that issue. The fact that the mandate gives no hint of overruling or distinguishing the Wagstaff case reinforces this conclusion. The Government's brief appears to have overlooked this aspect of the case; following petitioner's lead, it argued only the instruction on flight.

In these circumstances, we would be justified in declining to order a transcript since that step can only serve to reveal aspects of the case occurring at the *original* trial, not now open to review on an appeal from a *resentence.* Such a course would depend, of course, on the correctness of our conclusion that the Supreme Court had acted on incomplete information concerning the facts controlling the scope of review; but in any event further consideration of this case now by that Court would occupy far more judicial time than will be required for us to comply literally with the mandate. That mandate does not expressly command a transcript; however, since conferences with the trial judge and the prosecutor, and the reporter's reading of parts of the transcript have allegedly failed to give counsel what he seeks, the mandate "to afford the petitioner an opportunity to substantiate his allegations" can only be construed to command a transcript.[5] In the interests of conserving important judicial time we order that petitioner be provided with a transcript at Government expense "to afford the petitioner an opportunity to substantiate his allegations" even though it seems clear to us that no facts disclosed by the transcript bear on the issues now open to review. The petitioner's counsel is directed to file a memorandum in support of the petition to appeal in forma pauperis within 30 days after the transcript has been provided.

If petitioner's counsel considers as now open to review all issues open to review on direct appeal from the original judgment, any memorandum filed should deal with that issue.

5. Appellant's memorandum asserts, "Counsel * * * are unable at this time to recommend to this Court that they [the allegations] raise substantial questions. Our dilemma springs in part from lack of the transcript."

FAHY, Circuit Judge (concurring in part).

In light of the decision and mandate of the Supreme Court[1] I would grant the pending petition for leave to appeal in forma pauperis and order that petitioner be furnished the transcript at the expense of the United States, thus permitting petitioner to proceed with the appeal as he may be advised. Since in my view this is all that is now required I do not join in the present opinion of the Court, though I concur, as indicated, in requiring that a transcript be prepared at Government cost.

missions and Grievances of the United States District Court.

Before EDGERTON, Chief Judge, and PRETTYMAN and DANAHER, Circuit Judges.

1. The mandate reads as follows:
   "It is ordered and adjudged by this Court that the judgment of the * * * United States Court of Appeals, in this cause, be, and the same is hereby, vacated; and that this cause be, and the same is hereby remanded to the United States Court of Appeals for the District of Columbia Circuit with instructions to afford the petitioner an opportunity to substantiate his allegations. Farley v. United States, 354 U.S. 521, 77 S.Ct. 1371, 1 L.Ed.2d 1529; Johnson v. United States, 352 U.S. 565, 77 S.Ct. 550, 1 L. Ed.2d 593."