Chauncey W. WHITT, Petitioner,

v.

UNITED STATES of America,
Respondent.

Misc. No. 928.

United States Court of Appeals
District of Columbia Circuit.

June 9, 1958.

Messrs. Edward L. Genn, Washington, D. C., and Nathan M. Brown, Washington, D. C. (appointed by this Court), for petitioner.

Messrs. Oliver Gasch, U. S. Atty., Lewis Carroll, Walter J. Bonner and Carl W. Belcher, Asst. U. S. Attys., for respondent.

Before BAZELON, FAHY and WASHINGTON, Circuit Judges.

WASHINGTON, Circuit Judge.

Petitioner moves to have the stenographic transcript of his criminal trial prepared at the expense of the United States. The motion presents the question whether we have power—prior to deciding whether a petitioner shall be allowed to appeal in forma pauperis—to direct the preparation of a trial transcript at the expense of the United States. The Government contends that we have no such power.[1] Counsel for petitioner argues that a transcript is necessary to enable him to present to this court an adequate memorandum in support of the petition for leave to appeal in forma pauperis. Petitioner is a person "allowed to * * * defend * * * in forma pauperis" in the District Court, 28 U.S.C. § 753(f) (1952); he was defended by assigned counsel, 28 U.S.C. § 1915 (d) (1952); Fed.R.Crim.P. 44, 18 U.S.C.

After trial by jury in the District Court, Whitt was convicted of narcotics violations and was sentenced to prison on November 8, 1957. He made timely application to that court for leave to appeal in forma pauperis. Leave to appeal was denied, with "counsel of record * * * [and] with defendant present, in open Court, and upon a showing of counsel that there was no substantial question of law present, and on the Court's own finding that there was no substantial question of law." [2] No "bad faith certificate" was entered. See 28 U.S.C. § 1915(a). Whitt then, *pro se,* sought leave from this court to appeal in forma pauperis. We appointed counsel for Whitt and held the petition in abeyance, directing counsel to file a memorandum in support of the petition. On March 13, 1958, counsel filed the instant motion, alleging in reply to the Government's opposition:

> "What the Government actually opposes in its Opposition herein is a fair distribution of the burden and duty cast upon all of us where a petitioner files an appeal * * *. Normally it might be possible to prepare the record and certify error from an agreed statement through the trial judge. This is not possible in the instant case [since the trial

---

1. Although the Government does say: "If necessary, the District Court could order a transcript by authority granted that court under 28 U.S.C. § 753(f) to order such transcripts without expense to the government." Presumably the Government is referring to 28 U.S.C. § 753(b) par. 3.

2. We may note, parenthetically, that the District Court appears to have applied an incorrect standard in dealing with the situation before it. In Ellis v. United States, 356 U.S. 674, 675, 78 S.Ct. 974, 975, the Supreme Court said: "The only statutory requirement for the allowance of an indigent's appeal is the applicant's 'good faith.' 28 U.S.C. § 1915, [28 U.S.C.A. § 1915]. In the absence of some evident improper motive, the applicant's good faith is established by the presentation of any issue that is not plainly frivolous. Farley v. United States, 354 U.S. 521, 77 S.Ct. 1371, 1 L.Ed.2d 1529. The good-faith test must not be converted into a requirement of a preliminary showing of any particular degree of merit. Unless the issues raised are so frivolous that the appeal would be dismissed in the case of a non-indigent litigant, Fed.Rules Crim.Proc. 39(a), [18 U.S.C.A.], the request of an indigent for leave to appeal *in forma pauperis* must be allowed."

judge is now deceased]. The only 'avenue' of escape from petitioner's motion—suggested by the Government—is for assigned counsel to sit down with the Court reporter, go over the prolonged trial, take notes of possible error and then attempt (if possible) to prepare an agreed statement. It should be recalled that we, as assigned counsel in this Court, are wholly unfamiliar with the record. We would need to comb it in its entirety for possible error in order to answer the question on this appeal—whether the application to appeal is in good faith or presents a substantial question. In fairness to petitioner, we could not even rely on petitioner's or his [trial] counsel's recollection, for they may have missed the kind of error which was so prejudicial that this Court must take notice of it. Even if the recollection of either petitioner or his trial counsel might be referred to, the dispute as to what occurred is apparently in such conflict and the charges against trial counsel so serious, that in our opinion, petitioner's appeal could not be properly presented to this Court without the transcript. * * *"

The issue is thus whether we have power to provide a trial transcript[3] at Government expense to one who is admittedly a pauper, who has defended at tri-

al in forma pauperis, but who has not yet been allowed to appeal to this court in forma pauperis. The relevant statute, 28 U.S.C. § 753(f), provides in part:[4]

"Fees for transcripts furnished in criminal or habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis shall be paid by the United States * * *."

Authoritative guidance on the subject was given by the Supreme Court in Johnson v. United States, 1957, 352 U.S. 565, 77 S.Ct. 550, 1 L.Ed.2d 593, a case which was presented to the Court in precisely the same posture as the instant case is presented to us.[5] The Court said, 352 U.S. at page 566, 77 S.Ct. at page 551:

"Finally, either the defendant or his assigned counsel must be enabled to show that the grounds for seeking an appeal from the judgment of conviction are not frivolous and do not justify the finding [by the District Court] that the appeal is not sought in good faith. This does not require that in every such case the United States must furnish the defendant with a stenographic transcript of the trial."

See also Farley v. United States, 1957, 354 U.S. 521, 77 S.Ct. 1371, 1 L.Ed.2d 1529; Edwards v. United States, 1957, 355 U.S. 36, 78 S.Ct. 124, 2 L.Ed.2d 72.

---

3. It should be noted that in every case a defendant has access to the transcript of "all pleas and proceedings in connection with the imposition of sentence." Poole v. United States, 1957, 102 U.S. App.D.C. 71, 250 F.2d 396; 28 U.S.C. § 753(b).

4. The full text of Section 753(f) provides:
   "(f) Each reporter may charge and collect fees for transcripts requested by the parties, including the United States, at rates prescribed by the court subject to the approval of the Judicial Conference. He shall not charge a fee for any copy of a transcript delivered to the clerk for the records of court. Fees for transcripts furnished in criminal or habeas corpus proceedings to persons allowed to

sue, defend, or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose. Fees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous but presents a substantial question. The reporter may require any party requesting a transcript to prepay the estimated fee in advance except as to transcripts that are to be paid for by the United States."

5. See motion for leave to proceed in forma pauperis and for appointment of counsel, p. 4, filed January 8, 1957, in No. 531, Misc., O.T.1956, Johnson v. United States.

Clearly the Court implied that in some "such case" provision of a transcript would be appropriate or even necessary.[6] And this court has frequently exercised its power to order transcripts prior to determining whether to allow an appeal *in forma pauperis*.[7]

■ We think the statutory language necessarily contemplates that persons who have been allowed to defend in forma pauperis may be provided with free transcripts. It is true that Section 753(f), supra note 4, merely authorizes payment to court reporters for certain transcripts prepared by them. Neither that section nor any other, in so many words, particularizes the situations in which a court in a criminal case can properly direct preparation of a transcript at Government expense. But one such proper situation, implicit in the language of Section 753(f), is where the petitioner has been allowed to "defend * * * in forma pauperis." This expression must include not only those cases in which the District Court has entered an explicit order to that effect, but those in which the court has simply appointed counsel to represent an indigent defendant, without the formality of stating that the defense is to be in forma pauperis. To decide otherwise, in the light of the legislative history of the Court Reporters Act,[8] would leave the word "defend" with little or no content in that context. We hold that the statute gives the District Court and this court authority under appropriate circumstances to direct the preparation of transcripts at Government expense at this stage of the proceedings.[9]

■■ But a trial defense in forma pauperis does not, *ipso facto* and without more, entitle a petitioner to a transcript as of right. We must be satisfied that, in the factual setting of the particular case, provision of a transcript is appropriate as a means of making manifest the basis of the claim of error. Johnson v. United States, supra. Working time of appointed counsel, United States Attorneys, judges, witnesses, and court reporters is valuable and must be considered;[10] the nature of the crime, the type or length of the trial, or the character of the suggestions of error presented are also relevant. In some cases the preparation of a transcript at Government expense may not be appropriate, and the expense may therefore be unwarranted.

■ This court requires an adequate record on which to base a decision whether to grant or deny leave to appeal in forma pauperis. That record should be made available to us as promptly as cir-

---

6. The Supreme Court in the Johnson case went on to say, after the passage just quoted:

    "It is essential, however, that he be assured some appropriate means—such as the district judge's notes or an agreed statement by trial counsel—of making manifest the basis of his claim that the District Court committed error in certifying that the desired appeal was not pursued in good faith."

    This statement goes to the matter of possible alternative remedies: it does not negative our power to provide a transcript.

7. See per curiam orders in: Misc. 932, Collins v. United States (February 28, 1958); Misc. 817, Judd v. United States (January 15, 1958); Misc. 868, Osborne v. United States (November 22, 1957); Misc. 853, Washington v. United States (October 31, 1957); Misc. 865, St. Lawrence v. United States (October 9, 1957); Misc. 854, Collins v. United States (August 26, 1957); Misc. 830, Isaac v. United States (August 2, 1957); Misc. 795, Alexander v. United States (July 1, 1957). See, also Edwards v. United States, 1958, 103 U.S.App.D.C. 171, 256 F.2d 885, on remand from Supreme Court, 355 U.S. 36, 78 S.Ct. 124, 2 L.Ed.2d 72.

8. See Hearings before a Subcommittee of the Senate Committee on the Judiciary on S. 620, 78th Cong., 1st Sess., at 23–24, 43–45 (1943); 89 Cong.Rec. 10873 (1943).

9. The Government concedes our power to direct preparation of the transcript at Government expense *after* a grant of leave to appeal in forma pauperis. Cf. Parsell v. United States, 5 Cir., 1955, 218 F.2d 232, 235.

10. See Edwards v. United States, supra note 7, see opinion at page 173 of 103 U.S.App.D.C., at page 887 of 256 F.2d.

cumstances permit. Neither unwarranted delay in the preparation of the record nor poverty should stand as a roadblock to the proper and expeditious determination of criminal appeals. See Griffin v. People of the State of Illinois, 1956, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891; Ward v. United States, 1956, 76 S.Ct. 1063, 1 L.Ed.2d 25, 28–29 (per Frankfurter, Circuit Justice); Fed.R.Crim.P. 39(d); Rule 33 of the General Rules of this Court, 28 U.S.C.A.

In the instant case, petitioner has shown that the balance of convenience weighs heavily in favor of ordering the transcript, particularly in view of the death of the trial judge. In addition to the allegations of present counsel, petitioner, *pro se*, alleges that the trial court failed to instruct the jury on the manner in which they were to evaluate informer testimony, although such an instruction was appropriate. Present counsel informs this court that trial counsel is uncertain whether such an instruction was given. Also, petitioner claims that the trial judge's instruction on petitioner's entrapment defense was inadequate. Proper presentation and resolution of these questions will depend on whether, in fact, the informer instruction was warranted by the evidence and, if so, whether such an instruction was requested, and whether it was given and given properly; the same is true in regard to the entrapment instruction.

Under these circumstances, and having regard to the factors which must control our judgment, we have directed preparation of the trial transcript in this case at the expense of the United States.

While it may be unnecessary to our decision in this case, we think it proper to add that in our view the recent decisions of the Supreme Court in Johnson, Farley, Edwards, and Ellis, cited above, mean that in at least some criminal cases there may be a constitutional right to full review. See Note, 58 Col.L.Rev. 832 at 848 (1958). In such a case, failure of the Government promptly to supply a transcript upon order of the court would mean that the court would be under the necessity of considering whether or not such failure required the reversal of the conviction and the ordering of a new trial.

FAHY, Circuit Judge, with whom Circuit Judge BAZELON joins (concurring).

I concur in Judge Washington's opinion, but since the application is to this court in connection with the allowance or not of an appeal I add that ordering a transcript to be furnished at the expense of the United States I think is an essential incident to our power to allow appeals in forma pauperis.