JOHN LANDERS, *et al. v.* THE STATE.

(*Knoxville.* September Term, 1928.)

Opinion filed December 8, 1928.

1. **CRIMINAL LAW. EVIDENCE. ILLEGAL SEARCH WARRANT.**

Where evidence procured through an illegal search warrant is withdrawn and the jury instructed to disregard same, there is no error. (Post, p. 649.)

Citing: Hampton v. State, 148 Tenn. (21 Thomp.), 155; Tenpenny v. State, 151 Tenn. (24 Thomp.), 669; Goodwin v. State, 148 Tenn. (21 Thomp.), 682; Irving v. State, 104 Tenn. (20 Pickle), 132.

2. **CRIMINAL LAW. EVIDENCE. STATUTE.**

The statute provides that the Court shall not reverse a case for the admission of erroneous testimony unless the Court is of the opinion that such evidence was prejudicial to the defendant. (Post, p. 650.)

Citing: Chapter 32, Acts of 1911.

3. **CRIMINAL LAW. JURY VERDICT.**

Where the jury renders a verdict of guilty and fixes the punishment of the defendant at a specific time in the penitentiary, such verdict is equivalent to fixing both the maximum and the minimum punishment and is a good verdict. (Post, p. 651.)

---

**FROM GREENE.**

---

Appeal from the Circuit Court of Greene County.— HON. H. T. CAMPBELL, Judge.

DANA HARMON, for plaintiff in error.

NAT TIPTON, Assistant Attorney-General, for defendant in error.

MR. JUSTICE MCKINNEY delivered the opinion of the Court.

The plaintiffs in error, referred to herein as the defendants, were convicted of burglarizing the storehouse of S. S. Ricker on the night of August 4, 1927.

Thannie Holt, an accomplice, was introduced as a witness for the State, and testified that he was with the defendants on the night in question when they broke into the store and took therefrom several hundred dollars worth of goods.

Since the defendants did not testify, and offered no evidence in their behalf, it is only necessary to consider whether there is sufficient evidence to corroborate Holt.

We are of the opinion that the jury were well warranted in finding that there was such evidence. The record shows that late in the afternoon of the day the burglary was committed Holt and the defendants were assembled at the home of Metcalf; that the automobile tracks discovered the next morning leading to and from the store were similar to those made by the automobiles of Landers and Metcalf; that these parties were all found together on the second morning following the burglary; that a lot of the stolen goods were found in a hollow stump near the homes of Landers and Tarlton; that other of these goods were found on Cold Spring Mountain, where Metcalf and Landers were encamped; the flight of Landers on two occasions, and other circumstances not necessary to detail herein.

(1) It is earnestly insisted by the defendants that the trial court committed prejudicial error in admitting

testimony that a portion of these goods were found in the homes of Tarlton and Landers by officers acting under an illegal search warrant, notwithstanding this evidence was subsequently withdrawn and the jury instructed not to consider it.

Concededly these search warrants were invalid, and even though Tarlton consented for the officers to search his premises, under the circumstances of this case, the search was illegal. *Hampton* v. *State,* 148 Tenn., 155.

In such cases the trial court should follow the practice outlined in *Tenpenny* v. *State,* 151 Tenn., 669, and *Goodwin* v. *State,* 148 Tenn., 682.

While in *Irving* v. *State,* 104 Tenn., 132, and in other cases, it is held that such error is cured where the evidence is withdrawn and the jury instructed to disregard same, there is force in the argument of counsel that such withdrawal does not eradicate the impression made upon the minds of the jurors, and this practice is not to be commended. Where there is doubt as to the guilt of the accused, and the court can see that such practice might have influenced the jury, it would not hesitate to reverse the case and remand it for a new trial.

(2) In this particular case, however, we have no doubt whatever as to the guilt of these defendants, and, with this testimony excluded, the jury could not have reached a different conclusion unless they did so arbitrarily, which we cannot assume they would have done. The result being that while the trial court should not have admitted this testimony in the first instance, since he subsequently withdrew it and instructed the jury not to consider it, and in view of the fact that we are of the opinion that it was not prejudicial, following the rule of practice set forth in chapter 32 of the Acts of 1911,

which provides that the court shall not reverse a case for the admission of erroneous evidence unless the court is of the opinion that such evidence was prejudicial to the defendant, we must overrule the assignments of error making this question.

(3) The jury returned a verdict of guilty and fixed the punishment of defendants at three years in the penitentiary. This was a good verdict and should have been accepted by the trial court. It was equivalent to fixing both the maximum and minimum punishment at three years. Upon being sent back for further consideration of their verdict, the jury returned and fixed the maximum punishment at five years and the minimum punishment at three years. The judgment will be corrected so as to fix the maximum punishment at three years, as originally found by the jury.

Other assignments of error are without merit, and have been sufficiently answered in the reply brief of the attorney-general.

Finding no reversible error in the judgment of the trial court it results that it will be affirmed.