STATE OF TENNESSEE *v.* MATT YOUNGBLOOD.

(*Nashville,* December Term, 1955.)

Opinion filed February 3, 1956.

520

Knox Bigham, Assistant Attorney General, for the State.

R. R. Haggard, Jr., of Waynesboro, and W. C. Keaton, of Hohenwald, for defendant in error.

Mr. Justice Burnett delivered the opinion of the Court.

The trial court sustained a motion to quash an indictment, the material parts of which read as follows:

"The Grand Jurors for the State of Tennessee, good and lawful men, duly elected, impaneled, sworn and charged to inquire for the body of the County of Wayne, and State aforesaid, upon their oaths aforesaid, present: That Matt Youngblood heretofore, to

wit: On the 30th day of October, 1954, in the State and County aforesaid did unlawfully *aid and abet persons unknown to the Grand Jurors to sell* beer out out of the corporate limits of any town at a certain place of business known as Cypress Inn Club, without first having obtained a permit so to do from Wayne County, Tennessee, or its County Beer Board, or anyone else lawfully authorized to act in the premises for said county, against the peace and dignity of the State;

### Count Two

And the Grand Jurors *aforesaid,* upon their oaths *aforesaid* do further present and say, that Matt Youngblood did unlawfully fail to apply to the Wayne County Beer Board of said State or anyone else authorized to act for said Beer Board, and make application for a Beer Permit showing that he is a citizen of the United States and that the members of the Cypress Inn Club, are citizens of the United States; and further showing that no persons would be employed in the storage or sale of beer except citizens of the United States, or that he would not sell beer to minors; or that he nor any person employed by him in such distribution or sale of beer had not been convicted of the liquor laws or any crime involving moral turpitude within the last ten years, and that he failed to make application following all the requirements as set out in Section 1191.14 of Williams' Tennessee Code, said Matt Youngblood being engaged in the selling and storage of beer outside the corporate limits of any town, against the peace and dignity of the State of Tennessee.'' (Italics ours).

The motion to quash was based upon nine grounds, all of which have been considered by us, but will not be taken up seriatim in the writing of this opinion. We think that what we say herein will be a sufficient answer to any of the grounds raised.

In considering any indictment, what is necessary therein, it seems to us that the very simple statement made over 100 years ago by this Court in the case of *State* v. *Pearce*, 7 Tenn. 66, simply and clearly sets forth these requirements. This Court in the Pearce case said:

"The description of the offence charged in an indictment ought to be competent to three purposes: first, competent to the information of the defendant, that he may know what offence he is called upon to answer; second, competent to the information of the Court, that it may see a definite offence on record to apply the judgment, and the punishment which the law prescribes; third, competent to the protection of the defendant against a future prosecution for the same offence."

We thus in considering the appeal herein must take the indictment, as above copied, and see whether or not from this indictment these above three things are sufficiently and intelligently set forth. When one reads this indictment it seems to us that there is only one conclusion that can be reached and that is that the defendant Youngblood, on a certain date named in the first count of the indictment, through those working for him, sold beer without a license in violation of the provisions of Code Section 1191.14, Supplement to Williams' Annotated Code. It is true the second count of the indictment is rather lengthy and probably a little too verbose but aside from this it seems to us that Youngblood is clearly informed of what offense he is charged with and

that an offense is charged against him on a specific date so that if a judgment is rendered against Youngblood on this then there cannot be any future prosecution for this offense.

■■ "And it is not too far aside from the question to recall that the counts in the declaration may be made as numerous as a full presentation of the plaintiff's case may require, at the same time, avoiding both duplicity and prolixity, and securing brevity, clearness, and force, by simply, in subsequent counts, referring to and adopting, without repeating in terms, such parts of the previous count or counts as the pleader may desire to carry forward into some subsequent count or counts, and writing down therein only the new matter which distinguishes the new or additional count." *Chesapeake & N. Ry.* v. *Crews,* 118 Tenn. 52, 65, 99 S. W. 368, 372.

Such different counts may, within themselves, not support an indictment but if they are properly connected with preceding counts then the two may be taken together and support an indictment. The word *"aforesaid"* as used in the second count of the indictment herein clearly referred to the preceding count. The word "aforesaid * * * means next before * * * said before, or in a preceding part; already described or identified." 2 C. J. S., p. 1007. It is not necessary that each of these counts be referred to specifically by incorporating the averments of a preceding count therein but if it is reasonably clear from the averments of the second count that this is connected with and a part of the preceding count by the use of the language therein such a count may be considered good. This Court probably first spoke on this subject in the case of *State* v. *Lea,* 41 Tenn. 175. The Court there

clearly indicated this a proper practice, though some of the language in that opinion might be taken to be more specific and technical, yet upon reading the whole opinion it is clear to us that what we have said above is a correct practice.

The procedure that we have indicated was approved by this Court in *Chapple* v. *State,* 124 Tenn. 105, on page 108, 135 S. W. 321, on page 322, where at the outset of the opinion, the indictment was there copied. The language there used in connecting the first and second count is not as clear as is the language in this indictment. This Court in the Chapple case said:

"The two counts are framed together, and the whole signed by the Attorney General for the district. The first count mentions their names, and the use of the words 'said defendants' in the second count clearly refers thereto; likewise the expression 'said grand jurors'; also 'said flour'; likewise 'said W. B. Long,' and the mention of the flour in both counts as the property of W. B. Long."

This is direct authority for our conclusion herein that the count in the indictment now under attack is sufficient.

In the first count of the indictment the charge is made that the defendant in error did "unlawfully aid and abet persons unknown to the grand jurors to sell beer," etc., outside of the corporate limits of the city in which place he is required to have a license issued by the proper authorities of the County. The phraseology or terms of "aid and abet" to sell beer merely means that Youngblood as the principal had those working for him to sell this beer. By Code Section 10758, Williams' Annotated Code, T. C. A. Sec. 39-109, all aiders and abettors are deemed principals and punished as such.

"At common law, in misdemeanors, there are no

accessories, all concerned, whether instigators or perpetrators, being principals, subject to be indicted as such. (Among cases cited from many States is that of *Curlin* v. *State*, 4 Yerg. [12 Tenn.] 143). Thus, the master who know*l*ingly permits his servant, while under his control, to retail liquor in a house belonging to the master, is himself principal in the offences of keeping a tippling-house, and liable to the penalty." Wharton Criminal Law, Vol. 1, Sec. 261, p. 347.

It would thus seem that under the authority last above quoted from and that of *Curlin* v. *State,* therein cited, that the defendant if he aided and abetted in the sale of beer without obtaining a license would be guilty of this misdemeanor as made by the statute. Williams' Annotated Code, Sec. 1191.14.

Clearly when we read this indictment and consider both counts together it is clear that Youngblood is charged with violation of this Code Section, 1191.14 of Williams' Annotated Code, and that the indictment charges facts which constitute a violation of this Section.

"A principal is prima facie liable for the illegal acts of an agent done in a general course of illegal business authorized by the principal, * * *." Wharton's Criminal Law, supra, Sec. 287.

Among other cases cited for this statement is our case of *Britain* v. *State,* 22 Tenn. 203. In this case, *Britain* v. *State,* supra, this Court held that the master was liable for allowing his slave to go about so destitute as to be indecently exposed. The same principle of law is applicable under the first count of this indictment with the charge there made.

■ ■ The motion to quash also raises the question that the indictment does not list the witnesses who were

sworn and testified before the grand jury. The indictment recites an order for certain witnesses to be subpoenaed for the State. This appears on page 2 of the transcript wherein it is said: "SPA: for the State:" listing then under that the names of six witnesses. At the conclusion of the indictment, as is copied in the transcript on page 3, appears the following:

"All witnesses endorsed hereon Sworn in open Court upon this indictment, and examined before the Grand Jury Dec. 14th 1954. James Sharp, Foreman of the Grand Jury."

It seems to us that this clearly complies with the statute and lists the witnesses who it must be presumed were subpoenæd and these are the witnesses that the Grand Jury foreman says were sworn. He says that all witnesses endorsed on the indictment were sworn in open court in compliance with the statute. There are no other witnesses on there and one reading the matter must clearly presume that these witnesses were sworn and appeared before the Grand Jury. The provision of this Code Section 11599 Williams' Annotated Code, as to the requirement that the witnesses be listed and sworn, etc., are directory rather than mandatory. *Mendolia* v. *State,* 192 Tenn. 656, 241 S. W. (2d) 606. The endorsement of the names of the witnesses on the indictment, and their addresses, is a sufficient compliance with this section. *Stanley* v. *State,* 171 Tenn. 406, 104 S. W. (2d) 819. It thus seems to us that the listing of the witnesses as they are listed herein, with the statement of the foreman of the Grand Jury immediately appearing thereafter, that this is a sufficient compliance to give the defendant notice of who the witnesses are that appeared before the Grand Jury and likewise who may appear against him at the trial.

It appears to us that these two counts of this indictment must be read together and when they are read together they sufficiently refer to matters to make a complete charge of the offense charged so as to comply with what is necessary in an indictment as set out in the outset of this opinion.

We have had excellent briefs furnished us herein and the writer of this opinion has spent considerable time on independent research because of the interest of the matter. After so considering, we are of the opinion that the indictment herein is a sufficient indictment to charge Youngblood with a violation of Code Section, Williams' Annotated Code, Sec. 1191.14 in the matters as pointed out in the indictment. For the reasons herein stated the judgment below will be reversed and the cause remanded to that Court for further action.