C. F. SMITH,

*v.*

STATE OF TENNESSEE

369 S. W. 2d 537.

(*Knoxville,* September Term, 1962.)

Opinion filed July 15, 1963.

Jack E. Vaughan, Johnson City, for plaintiff in error.

George F. McCanless, Attorney General, Lyle Reid, Assistant Attorney General, Nashville, for the State.

Mr. Chief Justice Burnett delivered the opinion of the Court.

Smith was indicted for violation of Sections 39-1701, T.C.A. (forgery), and 39-1704, T.C.A. (transfer of forged papers with intent to defraud). The jury found him guilty of the second offense, charged by statute 39-1704, T.C.A., and sentenced him to serve three (3) years in the penitentiary. From this conviction he has seasonably appealed, filed assignments of error and a brief, and able arguments have been heard. After thoroughly considering the matter, including an independent investigation by the

writer of this opinion, we are now in a position to decide the questions raised.

There are only two questions raised in this case, namely, the manner and form of the indictment are questioned, and the form of the return of the verdict by the jury is questioned.

Plaintiff in error makes very able argument in support of his contention that the indictment is defective and that the names of the witnesses heard by the grand jury are not properly endorsed on the indictment. The back of the indictment shows the number of the case, "INDICTMENT FOR FORGERY STATE OF TENNESSEE VS C. F. Smith, Alias Charles Frank Smith. WITNESSES: (blank space) were sworn during open Court before the Grand Jury and gave evidence on the within indictment, this the 16 day of May, 1962. J. C. Taylor, Foreman of the Grand Jury. Ronald B. McRady, Prosecutor." On the reverse side of this indictment the following is shown, "A TRUE BILL Jack C. Taylor, Foreman of the Grand Jury. SUMMON FOR THE STATE." Then follows a list of witnesses with their addresses, including the prosecutor, and then, "By order LODGE EVANS Attorney-General /s/ Bob Green Assistant Attorney General, Filed the 16 day of May, 1962, /s/ Tommy Dillow, Clerk". To this indictment a motion to quash was filed, which was overruled by the trial judge. The argument here in support of this question is based around the fact that since the names of these witnesses did not appear in the blank space above, under Witnesses, and before the language quoted that they were sworn, that this does not constitute a valid indictment, and if it is a presentment the fact that the names of the witnesses

appear on this document as indicated above this is not sufficient either because in a presentment the witnesses are subpoenaed and their names do not appear on the indictment. The argument is further made that this is not a presentment because it does not contain the signatures of all the grand jurors.

██ The argument that the names of these witnesses should appear before the language that they were sworn and under the word, Witnesses, is based on sec. 40-1708, T.C.A., which in effect says that it shall be the duty of the Foreman of the Grand Jury to endorse on the indictment, or if a presentment on the subpoena the names of witnesses sworn by him and then he shall sign it officially. This Section of the Code though clearly provides that the omission to endorse as required shall in no case invalidate the indictment. We have repeatedly held that this Code Section is directory and not mandatory. *Mendolia v. State,* 192 Tenn. 656, 241 S.W.2d 606. This Court has likewise held in a well reasoned opinion by the late Mr. Justice Cook that the endorsement of the names of the State's witnesses on the indictment and their addresses is a sufficient compliance with this Section. *Stanley v. State,* 171 Tenn. 406, 104 S.W.2d 819. In this case, *Stanley v. State,* supra, this Court holds, too, that it does not appear in the Stanley record that the plaintiff in error had been prejudiced by any failure of the State to furnish names of the witnesses other than those named in the indictment, or that he had been surprised by other witnesses, etc., and that without such prejudice being shown there could be no complaint, citing the case of *Eason v. State,* 65 Tenn. 431. We can say of the present case that we are now considering that there is absolutely no prejudice shown from any standpoint by the failure of this

indictment to have the names of these witnesses and their addresses in this blank place under, "Witnesses", and before the language swearing them contained on one part of the indictment. The indictment clearly shows who the witnesses were and it certainly seems to us that it would be absurd to conclude or say with this language and the signature of the Foreman there that he hadn't sworn the witnesses which are attached and made a part of the same paper wherein he says he swore the witnesses. This being true, clearly there can be, and is, no prejudice in this matter.

We considered a very similar question in *State v. Youngblood,* 199 Tenn. 519, 287 S.W.2d 89, particularly beginning at the bottom of page 525, of 199 Tenn., at page 91 of 287 S.W.2d. It is true that there are some physical differences in the two cases, but as a matter of fact they are very closely related. In the Youngblood case, 199 Tenn. page 526, 287 S.W.2d page 92, we said:

"The endorsement of the names of the witnesses on the indictment, and their addresses, is a sufficient compliance with this section. (Citing authority). It thus seems to us that the listing of the witnesses as they are listed herein, with the statement of the foreman of the Grand Jury immediately appearing thereafter, that this is a sufficient compliance to give the defendant notice of who the witnesses are that appeared before the Grand Jury and likewise who may appear against him at the trial."

This same language is applicable here, and for the reasons stated in the authorities cited above, we must overrule this assignment. One interesting case, particularly concerning this question, and various ramifications of

indictments and presentments, is that of *Stoots v. State,* 205 Tenn. 59, 325 S.W.2d 532, where the question is discussed at length, and related questions are overruled because clearly they come within our Harmless Error Statute (sec. 27-117, T.C.A.):

■■ Aside from what has been said above we think that the correct rule of law is that when an indictment does not contain the names of the witnesses heard by the Grand Jury, but is otherwise complete upon its face as is this indictment, this question must be raised by plea in abatement and must show by competent evidence that no witnesses were in fact heard by the Grand Jury. *Dietzel v. State,* 132 Tenn. 47, 177 S.W. 47. Unless there is an affirmative showing that the Grand Jury returned the indictment without hearing witnesses, there is no error. The motion to quash herein merely went to defects apparent upon the face of the indictment. No proof was produced to show that there witnesses were not sworn. Thus there is a presumption of regularity. *Sells v. State,* 156 Tenn. 610, 4 S.W.2d 349.

■ It is next contended that the verdict of the jury was void because in returning the verdict the Foreman used the word, "recommend". The verdict was reported, as follows:

"THE VERDICT OF THE JURY:

"THE COURT: On this case 5981, *State of Tennessee Vs. C. F. Smith,* have you arrived at a verdict?

"THE FOREMAN: Yes, we have.

"THE COURT: What is your verdict?

"THE FOREMAN: Innocent on the first count.

"THE COURT: All right.

"THE FOREMAN: Guilty on the second. Recommend minimum sentence.

"THE COURT: So say you all.

"THE FOREMAN: Yes."

A judgment on this verdict was then placed upon the minutes of the court, which said: "said jury * * * returned into open Court and on their oath do say they find the defendant guilty of passing a forged contract and note; and sentence him to be confined in the State Penitentiary for 3 years.

"It is, therefore considered, ordered and adjudged by the Court, that the defendant for his offense aforesaid, in accordance with the verdict of the jury; that he be confined in the State Penitentiary for a period of 3 years. * * *"

Clearly under this judgment and under the finding of the jury, that body found the plaintiff in error guilty of passing this forged note in the amount of several thousand dollars and by this verdict rejected the finding of guilt of passing a note in an amount of less than a hundred dollars. Under Sections 39-1721, 39-4204, T.C.A., the minimum sentence which could be imposed upon this verdict was three years.

Of course, the question is argued that by the jury using the word "recommend" this rendered their judgment void in view of the mandatory provision of the statute that the jury must fix the punishment. This Court without any particular reasons stated in the opinion rejected an almost identical argument in *Hatchett v. State*, 208 Tenn. 399, 346 S.W.2d 258.

Code Section 40-2707 provides in effect that crimes to which the indeterminate sentence law applies the jury in its verdict shall say: ''We find the defendant guilty as charged in the indictment'', or ''We find the defendant guilty of ————————''. The insistence being here that this verdict is void because after finding Smith guilty of the offense of which they did find him guilty in fixing the punishment they should have fixed a maximum and a minimum punishment. The statute under which Smith was convicted fixes the punishment at a minimum and a maximum. It fixes the minimum punishment at three years. Inasmuch as the minimum punishment fixed by this statute for the crime for which he was convicted was three years and the jury recommended the minimum that was in effect the jury saying they fixed his punishment at three years, which was the minimum term for the offense committed.

We in this State have over the years held that under such circumstances such a verdict is not void because the jury in using the word ''minimum'' after they find him guilty arrived at the minimum as fixed by the statute. This Court in *Hensley v. State,* 166 Tenn. 551, 553, 64 S.W.2d 13, 14, wherein the defendant was convicted of voluntary manslaughter and the judy fixed his punishment at not less than one year, nor more than two years ''in the penitentiary'' held that the minimum punishment for this offense by statute was two years and rejected the insistence that the judgment on this verdict was invalid but corrected the judgment ''so as to fix the punishment, both maximum and minimum, at two years in the penitentiary.'' This same construction was put on our indeterminate sentence statute in *Landers v. State,* 157 Tenn. 648, 11 S.W.2d 868.

See also in this regard the reasoning of this Court in *Corlew v. State,* 181 Tenn. 220, 180 S.W.2d 900. Other authorities could be found substantiating this position if time permitted a search. We are satisfied that the jury after having found the man guilty and recommending a minimum sentence and this having been imposed by the judge without the jury having been polled, and without complaint having been made to the judgment as put down, that this judgment in no way violates the rights of the plaintiff in error because the judgment was fixed at the very minimum under the statute which is likewise the maximum that he can be held for. Thus it is that the three year term is the minimum under the statute, which is both the minimum and the maximum, for this plaintiff in error.

We are satisfied that there has been no error committed in this matter. Thus it is that the judgment below must be affirmed.