BILLY JOE CHANDLER, Plaintiff in Error, v.
STATE OF TENNESSEE, Defendant in Error.

460 S.W.2d 376.

Court of Criminal Appeals of Tennessee. Aug. 6, 1970.

Certiorari Denied by Supreme Court Oct. 19, 1970.

Jimmie D. Turner, Jennings B. Meredith, Oak Ridge, for plaintiff in error.

David M. Pack, Atty. Gen., M. Arnold Peebles, Jr., Asst. Atty, Gen., Nashville, Arzo Carson, Dist. Atty. Gen., Huntsville, Walter E. Fischer, Asst. Dist. Atty. Gen., Clinton, for defendant in error.

## OPINION

WALKER, Presiding Judge.

The defendant below, Billy Joe Chandler, appeals from his conviction of third degree burglary and sentence of three to four years in the penitentiary.

He first says the evidence preponderates against the verdict of guilty.

At about 12:50 A.M., September 9, 1969, officers patroling the streets of Oak Ridge noticed a white Cadillac automobile with the trunk lid raised. It came from the rear of a service station and was driven north. The officers followed this car about one and a half miles at speeds up to 100 miles per hour. Although they were not close enough to identify the driver, they were always in sight of the Cadillac until it turned into Dale Avenue in Oliver Springs. The officers passed the intersection, turned around and entered Dale Avenue. At the end of this short street, they found a white Cadillac parked in Mrs. Helen Rose's driveway. Mrs. Rose is the defendant's sister and the sister-in-law of the car owner, Billie

Ruth Cimini. No one was present at the automobile but the radiator and the tires were warm.

Miss Cimini had loaned her car to Chandler while she was on a visit out of town.

Another officer, who examined the premises of the service station, found that a windowpane had been broken and the window opened. Two wires attached to the window for security had been cut. One of the defendant's thumbprints was found on the window near the latch.

The defendant did not testify but introduced testimony that he had purchased a tire for the Cadillac at this service station the day before the incident. He suggests that his thumbprint could easily have been placed on the window while he was there on this legitimate business.

■ ■ Guilt of burglary in the third degree may be established by circumstantial evidence, as other offenses. The evidence does not preponderate against the verdict and in favor of the defendant's innocence. See Troglen v. State, 216 Tenn. 447, 392 S.W.2d 925. The assignment on the weight of the evidence is overruled.

■ The defendant contends that he was denied a fair trial because he was brought from the jail into the courtroom before the prospective jurors and that this prejudiced him before the jury. On the motion for new trial, the court heard evidence on this question. There is no claim that he was shackled or handcuffed or that he was wearing the clothing of a prisoner, or that there was any excessive show of force. He came into the courtroom through the door used by jurors, witnesses and

court attendants. Although he was accompanied by an officer he was not under any physical restraint. We find nothing prejudicial in this record.

█ The defendant says the court erred in permitting an officer to testify that Helen Rose told him she was Chandler's sister. He contends that this was inadmissible hearsay. Without objection this same fact was admitted into evidence during the testimony of Miss Cimini. If this was error, it was harmless. Landers v. State, 157 Tenn. 648, 11 S.W.2d 868. T.C.A. Sec. 27-117.

All assignments are overruled and the judgment of the trial court is affirmed.

OLIVER and HYDER, JJ., concur.