STATE of Tennessee, Appellant,

v.

Darrell THORPE, Appellee.

Court of Criminal Appeals of Tennessee, at Knoxville.

Sept. 17, 1980.

Gordon W. Smith, Asst. Atty. Gen., Nashville, Ronald A. Webster, Dist. Atty. Gen., D. Vance Martin, Kim A. Tollison, Asst. Dist. Attys. Gen., Knoxville, for appellant.

Ralph E. Harwell, Randall E. Nichols, Knoxville, for appellee.

OPINION

DAUGHTREY, Judge.

The State appeals from the trial court's dismissal of a three-count presentment charging the defendant, Darrell Thorpe, with contracting to fix a criminal case (count one), fixing a criminal case (count two), and conspiracy to fix a criminal case (count three). In dismissing the presentment, the trial court found that counts one and two were barred by the relevant statute of limitations, and that count three was fatally defective because it failed to allege any overt act accomplished in the furtherance of the conspiracy. The State challenges the validity of this ruling, as well as the trial court's authority to dispose of the case on the basis of agreed stipulations of fact. We conclude that the trial court's determination was legally correct, and we thus affirm the judgment entered below.

The presentment was returned by the Knox County Grand Jury on June 11, 1979, charging Thorpe as follows:

The Grand Jurors for the State of Tennessee upon their oaths, present That

*DARRELL THORPE, ALIAS, a professional bondsman, acting for himself* and as agent for Volunteer Bonding Company, did on diverse days between January 19, 1978 and the date of the finding of this Presentment, did unlawfully negotiate, transact, deal and agree with Clell Ownby, a person charged with the offense of Driving Under the Influence of an Intoxicant, Tennessee State Warrant Number 32429, in the General Sessions Court for Knox County, Tennessee, a criminal offense and in violation of the criminal statutes of the State of Tennessee; and did charge, demand, and contract for; accept, collect, and receive a sum of money, a fee, compensation, and consideration from Clell Ownby directly *upon the said DARRELL THORPE, ALIAS* promise, offer, representation, and holding out through inducement that the said DARRELL THORPE, ALIAS, a professional bondsman and agent for Volunteer Bonding Company, could and would attempt to effect, procure, bring about, arrange, and fix the disposition, dismissal, and compromise of the said Driving Under the Influence of an Intoxicant charge and prosecution aforementioned, against the said Clell Ownby and *that the said DARRELL THORPE, ALIAS, could and would attempt to stop, prevent, construct, impede, interfere with, retard, and delay the prosecution of* the Driving Under the Influence of an Intoxicant charge against the said Clell Ownby, in violation of Tennessee Code Annotated, Section 40–1407 and against the peace and dignity of the State.

SECOND COUNT:

And the Grand Jurors aforesaid, upon their oaths aforesaid, do further present that DARRELL THORPE, ALIAS, a professional bondsman, and while acting as agent for Volunteer Bonding Company, did on diverse days between January 19, 1978 and the date of the finding of this Presentment, in the State and County aforesaid, with the intent, purpose and design of effecting, procuring, bringing about, arranging for and fixing the disposition and compromise and prosecution of a Driving Under the Influence of an Intoxicant charge against Clell Ownby, a person charged with the offense of Driving Under the Influence of an Intoxicant, Tennessee State Warrant Number 32429 in General Sessions Court for Knox County, Tennessee, by advising and stopping, preventing, obstructing, impeding, interfering with, regarding and delaying the prosecution of the said Driving Under the Influence of an Intoxicant charge against Clell Ownby by unlawfully, falsely and fraudulently instructing the said Clell Ownby not to appear for the trial on the date set on State Warrant Number 32429, and did fraudulently arrange for and fix the disposition and did compromise the prosecution of the said Driving Under the Influence of an Intoxicant charge against Clell Ownby by allowing a Final Judgment Upon Forfeiture of the Bond on the said Clell Ownby to be entered by the said General Sessions Court for Knox County, Tennessee; and the said DARRELL THORPE, ALIAS, did thereby fraudulently prevent, obstruct, impede, interfere with, retard and delay the prosecution and the processes of law in respect thereof, of the said Driving Under the Influence of an Intoxicant charge against Clell Ownby, in violation of Tennessee Code Annotated, Section 40–1409 and against the peace and dignity of the State.

THIRD COUNT:

And the Grand Jurors aforesaid, upon their oaths aforesaid, do further present that DARRELL THORPE, ALIAS, a professional bondsman acting for himself and as agent for Volunteer Bonding Company, did on diverse days between January 19, 1978 and the date of the finding of this Presentment, in the State and County aforesaid, unlawfully and corruptly did conspire with Clell Ownby and other to the Grand Jurors unknown, each acting in concert with the other, to obstruct justice and the due administration of the law, in violation of Tennessee Code

Annotated, Section 39–1101; that is to say, that the said DARRELL THORPE, ALIAS, did corruptly conspire with Clell Ownby and other to the Grand Jurors unknown each acting in concert with the other, to obstruct justice and the due administration of the law by corruptly conspiring, planning and agreeing to procure the dismissal, reduction and disposition, other than as provided by law in such cases, of a case pending in the General Sessions Court of Knox County, Tennessee, styled *State of Tennessee v. Clell Ownby*, Docket No. 32429, wherein the said Clell Ownby was charged with the offense of Driving Under the Influence of an Intoxicant, contrary to the Statute and against the peace and dignity of the State.

At the pretrial hearing on Thorpe's motion to dismiss, an agreed two-part "stipulation" was entered on the record. It consisted of two exhibits, each setting out the offering party's understanding of the evidence to be presented at trial. Thus, the prosecution's portion of the "stipulation" amounted to a summary of the facts which the Assistant District Attorney anticipated proving at trial.

■ On appeal, the State first asserts that the trial judge committed error by relying upon the above-described factual stipulations as a basis for his ruling on the defendant's motion to dismiss. The State maintains that a motion to dismiss an indictment or a presentment may only be granted in cases in which the instrument is defective on its face and that no "extraneous" evidence may be relied upon for the purpose of establishing an infirmity.

It is true that prior to the advent of the Tennessee Rules of Criminal Procedure, a motion, quash could be granted only in cases in which the defect appeared on the face of the indictment. As our Supreme Court stated in *McKeldin v. State*, 516 S.W.2d 82 (Tenn.1974):

> Under Tennessee criminal procedure an indictment may be attacked by Motion to Quash only where the defect appears upon the face of the indictment. Where it is invalid for any other reason, the extraneous matter must be presented by Plea in Abatement (citations omitted). . . .

*McKeldin, supra,* at 83.

Since *McKeldin*, however, the distinction between motions to quash and pleas in abatement has been eliminated. In 1975 the legislature amended T.C.A. § 40–2301, by deleting that section and substituting in its stead the following:

> The defendant may, in all criminal cases, enter a motion to dismiss the indictment or presentment where the indictment or presentment is defective for any other reason not appearing on its face. There shall be no requirement to swear to the motion, but it shall state in clear and concise terms the defects alleged. All motions to quash and pleas in abatement filed in criminal cases shall be treated as motions to dismiss. The motion to dismiss shall be entered before the entry of a plea of not guilty or guilty, but the trial court may allow a motion to dismiss subsequent to a plea of not guilty or guilty where justice requires it.

Acts 1975, ch. 129, § 1.

T.C.A. § 40–2301 was subsequently replaced by the Tennessee Rules of Criminal Procedure, Rule 12(a) and (b).[1] It is clear, however, that Rule 12(a) has precisely the same effect as the former T.C.A. § 40–2301:

> . . . All other pleas, and demurrers and motions to quash are abolished, and defenses and objections raised before trial which heretofore could have been raised by one or more of them shall be raised only by motion to dismiss or to grant appropriate relief, as provided in these rules.

This interpretation of the rule is also bolstered by the Committee Comment to Rule 12, which notes that "[t]he all-encompassing motion to dismiss was substantially implemented by the 1975 amendment to T.C.A. § 40–2301."

---

1. The statute was repealed by Acts 1979, ch. 399, § 1.

As the former motion to quash and plea in abatement are clearly combined in the present motion to dismiss, it is equally clear that the consideration by the trial court of "extraneous" evidence beyond the face of the presentment was proper in the instant case. The State's position on this issue is therefore without merit.

The language in each of the three counts of the presentment against Thorpe reads as follows:

[Thorpe] . . . did on diverse days between January 19, 1978 and the date of the finding of this Presentment . . .

Thus the presentment alleges that Thorpe committed the various crimes "on diverse days" between January 19, 1978, and June 11, 1979.

The chronological stipulation which was made an exhibit on motion of the State reads as follows:

1–19–78 Clell Owenby arrested for DWI—Warrant # 32429

1–20–78 $200 bond made by George Cash of Vol Bonding Co.

about

1–26–78 Paid Darrell Thorpe $222 to fix case # 32429

2–22–78 Owenby failed to appear in Court

2–23–78 Conditional forfeiture in # 32429

4–19–78 Owenby failed to appear in Court

4–27–78 Final forfeiture in # 32429

5–6–78 Clell Owenby arrested for DWI—Warrant # 38563

5–6–78 $200 bond made by George Cash of Vol Bonding Co.

about

5–8–78 Paid George Cash $300 to fix case # 38563

5–24–78 Owenby failed to appear in Court

6–8–78 Conditional forfeiture in # 38563

6–28–78 Letter from Sessions Court to Vol to pay # 32429

7–14–78 Vol filed petition in Court to pay $78.25 in # 32429

7–19–78 Owenby failed to appear in Court

7–20–78 Final forfeiture in # 38563

9–26–78 Owenby notified by Nashville that license revoked in 32429

11–22–78 Vol pays off both bonds

12–15–78 Owenby notified by Nashville license revoked in 38563

1–9–79 Owenby talked to Everette & Underwood

2–2–79 Owenby has phone conversation with Cash

2–6–79 Owenby has phone conversation with Thorpe

6–11–79 Presentments returned against Thorpe and Cash

The trial judge found that ". . . the last act committed by the Defendant in regard to this matter occurred in May of 1978." Pursuant to that finding, counts one and two of the presentment were held to be barred by the statute of limitations. The offenses charged in these two counts, contracting to fix a criminal case (T.C.A. § 40–1407) and fixing a criminal case (T.C.A. § 40–1409) are misdemeanors, and as such are subject to the one year statute of limitations set forth in T.C.A. § 40–204.[2] Thus the State concedes that the first date mentioned in each count of the presentment, January 19, 1978, falls outside the statute of limitations for each of these two offenses.

It is also conceded that the general rule governing the sufficiency of indictments or presentments with regard to statutes of limitations is that set forth in *State v. Shaw*, 113 Tenn. 536, 82 S.W. 480 (1904). The *Shaw* rule provides that "where there is a statute of limitations that bars the offense there should be a sufficiently definite averment of time in the indictment to show that the offense was committed within the statutory limit." *Shaw, supra,* 113 Tenn. at 538.

2. T.C.A. § 40–204 provides:

"All prosecutions for misdemeanors, shall be commenced within twelve (12) months next after the offense has been committed, except gaming, which shall be commenced within six (6) months."

The State contends, however, that if an offense consists of a succession or continuation of acts not limited to any particular day, then a presentment charging that offense may properly allege it as having been committed "on a certain day named, and on diverse days and times between such day and the day of finding of the [presentment]." 42 C.J.S. *Indictments and Informations* § 125g (1944). The State urges that such an allegation would be sufficient even in a case in which the first date mentioned falls outside the statute of limitations, so long as the date of return of the presentment is within the limitation period.

In support of the proposition that the presentment was proper, the State relies upon several authorities. The Tennessee case of *Burlison v. State*, 501 S.W.2d 801 (Tenn.1973), approved an indictment which charged the defendant with carnally knowing and abusing his stepdaughter "... on diverse days between the summer of 1964 and August 1969 ..." *Burlison, supra*, at 802–03. *Burlison*, however, involved no statute of limitations issue; thus it has no application here.

Likewise, in *United States v. Schmidt*, 14 F.Supp. 804 (M.D.Pa.1936), the indictment charged the defendant with infringing copyrights "on or about November 1, 1935, and on divers dates prior heretofore ... and within a period of three years prior to the date of the finding of this indictment [November 1, 1935]." *Schmidt, supra*, at 805. As the federal statute of limitations for copyright-related offenses was three years, it is clear that the indictment in *Schmidt* alleged no dates outside of the statute of limitations.

Once again, in the case of *United States v. Westbrook*, 114 F.Supp. 192 (W.D.Ark. 1953), the Court approved an indictment which charged the defendants with conspiring to embezzle money from a bank "during the month of August, 1952, and prior thereto." *Westbrook, supra*, at 195–96. The date listed in the indictment was within the limitations period, and thus *Westbrook* also has no application here.

The only other case relied on by the State to support its contention is *United States v. McWilliams*, 54 F.Supp. 791 (D.D.C.1944). The indictment in *McWilliams*, returned on January 3, 1944, charged the defendants with conspiracy "continuously from and after June 28, 1940, and up to and including the date of the filing of this indictment." *McWilliams, supra*, at 793. Although a three-year statute of limitations was in effect, the Court held that the prosecution was not barred. The Court reasoned that in a continuing conspiracy "the statute of limitations starts to run from the date of the last overt act, ... [it] being considered the consummation of a new or renewed conspiracy." The Court held that, because under its rules of criminal procedure it could not inquire beyond the face of the indictment to discover whether any overt acts had been committed during the limitations period, the indictments would stand and the case would go to trial. *McWilliams, supra*, at 794.

That is not this case. Here the facts as alleged by the State were stipulated by the parties, and the trial judge found "that the last act committed by the defendant in regard to this matter occurred in May of 1978." This clearly falls outside the statute of limitations. The telephone call between Thorpe and Ownby which appears to be the only stipulated act involving Thorpe during the limitations period, was considered by the trial judge as follows:

Now, there is a telephone conversation that occurred, I believe, in February of 1979, between Mr. Owenby [sic] and Mr. Thorpe. But the Court holds that you cannot revive a misdemeanor by later admission, if it is such, of the commission of the misdemeanor. You may have some language in there that could possibly result in another offense being charged. But as far as reviving the misdemeanor I do not feel that the State can use that to get around the statute of limitations. And further, that the State has not alleged sufficient matters or any matters in the Indictment [sic] to toll the statute in this case. Therefore, the first and second counts of the Indictment [sic]

are dismissed, being barred by the statute of limitations.

The trial court ruled, correctly we think, that because no allegation had been made by the State that any affirmative act by Thorpe had taken place within the limitations period, the first two counts of the presentment should be dismissed.

 While it is true that the statute of limitations may be tolled when an offense is of a continuing nature, *Nashville & Decatur R.R. v. State*, 60 Tenn. 55, 56–60 (1873), the specific facts which toll the limitation period must be pleaded and proved. *State v. House*, 2 Shannon's Cases 610, 611 (1877); *State v. Comstock*, 205 Tenn. 389, 393, 326 S.W.2d 669 (1959); 2 Wharton's Criminal Procedure § 274, at 86 (12th ed. 1974). Facts sufficient to toll the statute of limitations were not pleaded or proved here. We therefore affirm the trial court's dismissal of counts one and two of the presentment.

The State next contends that the trial judge erred in dismissing the third count of the presentment, that alleging conspiracy. The basis on which the trial judge grounded his dismissal of the conspiracy count was the State's failure to allege an overt act or acts committed by Thorpe toward the completion or furtherance of the conspiracy.

The State maintains that count three is sufficient without the averment of an overt act. It is true that the conspiracy statute cited in the presentment, T.C.A. § 39–1101, does not in itself require an overt act to be proven in establishing the commission of a criminal conspiracy. T.C.A. § 39–1101, must, however, be read in tandem with the statute immediately following it, T.C.A. § 39–1102, which provides:

No agreement shall be deemed a conspiracy unless some act be done to effect the object thereof, except an agreement to commit a felony on the person of another, or to commit the crimes of arson or burglary.

 It is true that under Tennessee common law *no overt act need be pleaded or proven* in order to sustain a conspiracy conviction. *Cline v. State*, 204 Tenn. 251, 319 S.W.2d 227, 232–33 (1958). However, this rule applies only in the absence of a statute requiring proof of an overt act. *DeWees v. State*, 216 Tenn. 104, 390 S.W.2d 241 (1965); *Smith v. State*, 197 Tenn. 350, 273 S.W.2d 143, 146 (1954). *See also* Note, *Criminal Solicitation: A Statutory Crime in Tennessee*, 4 Memphis St.U.L.Rev. 138, 140 (1973). T.C.A. § 39–1102 is such a statute, and, where applicable, it abrogates the common law rule. *See, e. g., DeWees v. State, supra.* Similarly, in *State of Tennessee v. Larry Ray Lloyd*, Court of Criminal Appeals at Jackson, July 10, 1980, at 2, this court has held in a case involving conspiracy under T.C.A. § 52–1432(a), that "an overt act in furtherance of the conspiracy [constitutes an essential element of the offense and] must be alleged in the indictment."

The State submits, in the alternative, that such an overt act was alleged in the presentment, relying on the case of *State v. Youngblood*, 199 Tenn. 519, 287 S.W.2d 89 (1956), to support the proposition that the use of the word "aforesaid" on two occasions in the third count of the presentment served to refer back and, in effect, incorporated by reference on overt act alleged in the second count.

The third count begins as follows:

And the grand jurors aforesaid, upon their oaths aforesaid, do further present that DARRELL THORPE...

The trial judge, rejecting the State's "incorporation theory," ruled that:

... the words, "and the grand jurors aforesaid, upon their oaths aforesaid"— well, "aforesaid" refers to grand jurors in the first case. And "aforesaid" in the second case refers to their oaths. It certainly does not refer to any matters in the first and second counts.

 We conclude that the trial judge's analysis is correct, and that the situation here is distinguishable from that in *State v. Youngblood, supra*, cited by the State. In *Youngblood* the court was asked to decide whether the second count of the indictment, although "lengthy and probably a little too verbose," was sufficiently clear in its language to satisfy traditional notice require-

ments, *i. e.* to notify the defendant of what charge he was called upon to answer and to protect him against future prosecution for the same offense. *State v. Youngblood, supra,* 287 S.W.2d at 90. The court held that because of the use of the word "aforesaid" in the second count, the indictment could be looked to as a whole in order to determine its sufficiency in terms of notice. We think this is a separate question from the one posed here, *i. e.,* whether the use of "aforesaid" as utilized in a subsequent count effects an incorporation by reference of an essential element of the crime set out in a prior count charging a different offense.[3]

Likewise distinguishable is the case of *Hayes v. State,* 513 S.W.2d 144 (Tenn.Crim. App.1974), in which this court, relying on *Youngblood,* held that the terminology "aforesaid controlled substance" in count two of a narcotics indictment referred back to a specifically identified controlled substance named in count one, and was sufficient to describe the controlled substance at issue, presumably for purposes of notice. As in *Youngblood,* the incorporated material in *Hayes* was *not* an essential element of the crime, as would be the case if we extended *Youngblood* to apply to the presentment in this case. Such a result is legally unwarranted here.

We thus conclude, under the prevailing Tennessee case law and the statutory requirement of T.C.A. § 39–1102, that the trial judge committed no error in dismissing the conspiracy count of the presentment in the instant case. An overt act was required to be properly alleged, and it was not.

Because we find no error in the decision of the trial judge to dismiss all three counts of the presentment against Thorpe, we affirm the judgment entered in the trial court.

DUNCAN and CORNELIUS, JJ., concur.

---

**3.** Obviously the presentment here is also distinguishable from that in *Youngblood* in that the prior counts in this case should have been dismissed as outside the statute of limitations. A question then arises as to whether the presentment can be looked to as a "whole," as was the case in *Youngblood* where both counts of the indictment were good.