# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs September 3, 2014

## RODRICKO THOMAS v. JERRY LESTER, WARDEN

**Appeal from the Circuit Court for Lauderdale County**
**No. 6739      Joseph H. Walker, III, Judge**

---

**No. W2014-00686-CCA-R3-HC - Filed December 12, 2014**

---

The petitioner, Rodricko Thomas, received an effective sentence of fourteen years after pleading guilty to an included offense of aggravated robbery and nolo contendere to the charged offenses of aggravated robbery, aggravated burglary, and employing a firearm during the commission of a dangerous felony. Two years after being sentenced, he filed a petition for writ of habeas corpus, alleging the firearm conviction was void because the indictment had not specified a predicate felony. The habeas corpus court summarily dismissed the petition, and this court affirmed that dismissal because the petition did not include a copy of the assailed indictment. Rodricko O. Thomas v. Jerry Lester, Warden, No. W2013-02522-CCA-R3-HC, 2014 WL 2442272, at *1 (Tenn. Crim. App. May 23, 2014). Subsequently, he filed a second petition, making the same allegations and, with this petition, included a copy of the indictment. The habeas corpus court determined that the indictment was sufficient to apprise the petitioner of the employing a firearm offense and dismissed the petition. Because the petitioner has failed to state a cognizable claim for habeas corpus relief, we affirm the summary dismissal of the petition pursuant to Rule 20, Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ALAN E. GLENN, J., delivered the opinion of the Court, in which ROBERT W. WEDEMEYER and ROBERT L. HOLLOWAY, JR., JJ., joined.

Rodricko Thomas, Henning, Tennessee, Pro Se.

Herbert H. Slatery, III, Attorney General and Reporter; and Lacy Wilber, Assistant Attorney General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

We first will review the applicable law. It is well-established in Tennessee that the remedy provided by a writ of habeas corpus is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007); State v. Ritchie, 20 S.W.3d 624, 629 (Tenn. 2000); State v. Davenport, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007) (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998)).

A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). Furthermore, when a "habeas corpus petition fails to establish that a judgment is void, a trial court may dismiss the petition without a hearing." Summers, 212 S.W.3d at 260 (citing Hogan v. Mills, 168 S.W.3d 753, 755 (Tenn. 2005)). Whether the petitioner is entitled to habeas corpus relief is a question of law. Id. at 255; Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000). As such, our review is de novo with no presumption of correctness given to the habeas court's findings and conclusions. Id.

The four counts of the indictment charged, respectively, especially aggravated robbery, aggravated robbery, aggravated burglary, and employing a firearm during the commission of a dangerous felony. The specific allegations of Count 4 were that the petitioner, "between July 20, 2009 and July 23, 2009 in Shelby County, Tennessee, and before the finding of this indictment, did unlawfully and knowingly employ a firearm during the commission of an offense as defined in T.C.A. 39-17-1324(i)(1), in violation of T.C.A. 39-17-1324(b), against the peace [and] dignity of the State of Tennessee." He claims that this language is inadequate because it "fails to state an underlying offense as mandated by law" and, thus, the judgment for this count is void. The State disagrees, and, as we will explain, we agree with the State's analysis.

Count 4 alleges that the petitioner employed a firearm during the commission of a "dangerous felony," as defined by Tennessee Code Annotated section 39-17-1324(i)(1). Of the first three counts of the indictment, only Count 3, which immediately preceded Count 4, alleged that the petitioner had committed a "dangerous felony," namely the burglary of a habitation, which is denominated by Tennessee Code Annotated section 39-14-403 as aggravated burglary. Thus, of the first three counts of the indictment, only the count immediately preceding the felony firearm count alleged a "dangerous felony." Tennessee precedent clearly supports the State's position that Count 4 should be read in conjunction with Count 3 to provide notice to the defendant of the underlying felony. See State v.

Youngblood, 287 S.W.2d 89, 91 (Tenn. 1956) (concluding that when "it is reasonably clear from the averments of the second count that this is connected with and a part of the preceding count[,] . . . such a count may be considered good"); see also State v. Chad Medford, No. E2012-00335-CCA-R3-CD, 2013 WL 2424137, at *19 (Tenn. Crim. App. June 5, 2013) ("[T]he charge of employing a firearm during the commission of a dangerous felony was part of an indictment that included the charge of aggravated burglary that the State intended to serve as the predicate felony directly precedent to the firearms count saves that count in this case").

Applying these holdings, we conclude that the petitioner was sufficiently advised of the allegations against him by the fact that Count 3 of the indictment, the only count charging a "dangerous felony," immediately preceded Count 4, alleging he had employed a firearm while committing a "dangerous felony." Thus, the claims of his petition are without merit.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. See Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, the judgment of the habeas court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ALAN E. GLENN, JUDGE

-3-