IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 12, 2022

## CORTEZ BENNETT v. KEVIN GENOVESE, WARDEN

**Appeal from the Circuit Court for Lake County**
**No. 21-CR-10812      Mark L. Hayes, Judge**

_____

### No. W2021-01507-CCA-R3-HC

_____

The petitioner, Cortez Bennett, appeals the summary denial of his petition for writ of habeas corpus, which petition challenged his Lake County Circuit Court Jury convictions of first degree murder, attempted first degree murder, and especially aggravated robbery, arguing that he is entitled to habeas corpus relief on grounds that the sentence imposed for his conviction of first degree murder was imposed in direct contravention of a statute, that the count alleging attempted first degree murder was void, and that his convictions of especially aggravated robbery violate double jeopardy principles. Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and JOHN W. CAMPBELL. SR., JJ., joined.

James Shae Atkinson, Memphis, Tennessee, for the appellant, Cortez Bennett.

Herbert H. Slatery III, Attorney General and Reporter; Katherine C. Redding, Assistant Attorney General; and Danny Goodman, Jr., District Attorney General, for the appellee, State of Tennessee.

### OPINION

A Lake County Circuit Court Jury convicted the petitioner and his co-defendant, Andre Mays, of the first degree murder of Tonya Tyler, the attempted first degree murder of Wesley Tyler, Sr., and the especially aggravated robbery of Mr. and Mrs. Tyler during a home invasion robbery on June 29, 1999. *See State v. Andre Mays and Cortez Bennett*, No. M2001-02151-CCA-R3-CD, 2002 WL 31385939, at *1 (Tenn. Crim. App., Nashville, Oct. 22, 2002). The evidence adduced at trial established that Mr. Mays planned the robbery and that the petitioner, along with Eric Booth and Tywaun Morrow,

went together to the Tyler residence, where Mr. Mays and the petitioner forced the Tylers at gunpoint, in the presence of their two young children, to turn over their money and jewelry. *Id.* Mr. Mays then shot both Mr. and Mrs. Tyler in the head with "a small caliber revolver." *Id.* Mr. Tyler survived but Mrs. Tyler did not. *Id.* at *2. The trial court imposed a total effective sentence of life plus 50 years' incarceration. *Id.* This court affirmed the convictions and total effective sentence on direct appeal. *Id.*

The petitioner filed a timely but unsuccessful petition for post-conviction relief, and this court affirmed the denial of post-conviction relief. *See Cortez Bennett v. State*, No. M2004-02640-CCA-R3-PC, 2005 WL 2546929, at *1 (Tenn. Crim. App., Nashville, Oct. 11, 2005). The petitioner then moved the trial court to correct a perceived illegality in his sentence under the terms of Tennessee Rule of Criminal Procedure 36.1. In his motion, the petitioner challenged the legality of the sentence of life imprisonment imposed for his conviction of first degree murder. This court affirmed the trial court's summary denial of Rule 36.1 relief via a Memorandum Opinion. *See State v. Cortez Bennett*, No. M2019-01034-CCA-R3-CD, 2020 WL 2044740, at *1 (Tenn. Crim. App., Nashville, Apr. 28, 2020).

On November 24, 2021, he petitioned for writ of habeas corpus, claiming that the life sentence directly contravened Code sections 40-35-501 and 40-28-115, that the indictment for attempted first degree murder was void, and that dual convictions for the especially aggravated robbery of Mr. and Mrs. Tyler violated double jeopardy principles. The habeas corpus court summarily denied relief, finding that the petitioner had failed to state a cognizable claim for habeas corpus relief, that the judgments were not void, and that none of the petitioner's sentences had expired. The petitioner appeals from this order.

"The determination of whether habeas corpus relief should be granted is a question of law." *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007) (citing *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000)). Our review of the habeas corpus court's decision is, therefore, "de novo with no presumption of correctness afforded to the [habeas corpus] court." *Id.* (citing *Killingsworth v. Ted Russell Ford, Inc.*, 205 S.W.3d 406, 408 (Tenn. 2006)). The writ of habeas corpus is constitutionally guaranteed, *see* U.S. Const. art. 1, § 9, cl. 2; Tenn. Const. art. I, § 15, but has been regulated by statute for more than a century, *see Ussery v. Avery*, 432 S.W.2d 656, 657 (Tenn. 1968). Tennessee Code Annotated section 29-21-101 provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101. Despite the broad wording of the statute, a writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery*, 432 S.W.2d at 658; *State v. Galloway*, 45 Tenn. (5 Cold.) 326

-2-

(1868).  The purpose of the state habeas corpus petition is to contest a void, not merely a voidable, judgment.  *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968).  A void conviction is one which strikes at the jurisdictional integrity of the trial court.  *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *see State ex rel. Anglin v. Mitchell*, 575 S.W.2d 284, 287 (Tenn. 1979); *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

## I. Life Sentence

The petitioner first asserts that the court should have granted habeas corpus relief because his sentence of life imprisonment directly contravenes provisions of Code section 40-35-501 and 40-28-115 relative to release eligibility and is, therefore, illegal.  The petitioner was convicted in alternative counts of the first degree felony murder and the first degree premeditated murder of Mrs. Tyler.  The trial court merged the convictions and imposed a sentence of life imprisonment.  Code section 35-13-202 provides that:

> A person convicted of first degree murder shall be punished by:
>
> (1) Death;
>
> (2) Imprisonment for life without possibility of parole; or
>
> (3) Imprisonment for life.

T.C.A. § 39-13-202(c).  Because the State did not file a pretrial notice seeking either a sentence of death or life without the possibility of parole, *see* T.C.A. §§ 39-13-208(a) ("Written notice that the state intends to seek the death penalty, filed pursuant to Rule 12.3(b) of the Tennessee Rules of Criminal Procedure, shall constitute notice that the state also intends to seek, as a possible punishment, a sentence of imprisonment for life without possibility of parole."); -208(b) ("Where a capital offense is charged in the indictment or presentment and the district attorney general intends to ask for the sentence of imprisonment for life without possibility of parole, written notice shall be filed not less than thirty (30) days prior to trial."), the only statutorily available sentence for the defendant's conviction of first degree murder was life imprisonment, *see id.* § 39-13-208(c) ("If notice is not filed pursuant to subsection (a) or (b), the defendant shall be sentenced to imprisonment for life by the court, if the defendant is found guilty of murder in the first degree.").  Thus, the defendant's sentence of life imprisonment would not avail him of habeas corpus relief.

Moreover, the petitioner's claim is actually not that *his sentence* contravenes a statute but that the *two statutes* apparently contravene one another. This claim, however, is based upon the petitioner's misunderstanding of Code section 40-35-501(h)(2), which provides:

> There shall be no release eligibility for a person committing first degree murder, on or after July 1, 1995, and receiving a sentence of imprisonment for life. The person shall serve one hundred percent (100%) of sixty (60) years less sentence credits earned and retained. However, no sentence reduction credits authorized by § 41-21-236 or any other law, shall operate to reduce the sentence imposed by the court by more than fifteen percent (15%).

T.C.A. § 40-35-501(h)(2), and Code section 40-28-115(b)(1), which provides:

> Every person sentenced to a determinate sentence and confined in a state prison, after having served a period of time equal to one half (1/2) of the sentence imposed by the court for the crime for which the person was convicted, but in no event less than one (1) year, shall likewise be subject to parole in the same manner provided for those sentenced to an indeterminate sentence.

T.C.A. § 40-28-115(b)(1). Code section 40-28-115 is not a sentencing statute and is instead a statute addressed to the parole board and includes the general requirements for parole eligibility. Code section 40-35-501(h)(2) specifically addresses the timing of release, not parole, for a prisoner sentenced to life imprisonment. *See, e.g.*, *Christopher A. Williams v. State*, No. W2013-00555-CCA-R3-HC, slip op. at 2 (Tenn. Crim. App., Jackson, Sept. 30, 2013) (noting that "this court has observed that the phrase 'life with parole' is inaccurate because a defendant sentenced to life is entitled 'to be released, as opposed to being paroled, after serving 100 percent of 60 years less any eligible credits so long as they do not operate to reduce the sentence by more than 15 percent, or nine years'" (quoting *State v. Kermit Penley*, No. E2004-00129-CCA-R3-PC, slip op. at 4 (Tenn. Crim. App., Knoxville, Nov. 1, 2004)). Consequently, the provisions of Code section 40-28-115 have no application to a sentence of life imprisonment, do not conflict with the language in Code section 40-35-501, and would not avail the petitioner of the relief he desires.

## II. Indictment

The petitioner next asserts that Count 4 of the indictment, which charged him with the attempted first degree murder of Mr. Tyler, was void because it did not include a citation to the first degree murder statute. That count reads:

> THE GRAND JURORS of Davidson County, Tennessee, duly impaneled and sworn, upon their oath, present that:
>
> TYWAUN L. MORROW, ANDRE MAYS, ERIC BOOTH, and CORTEZ BENNETT
>
> on the 29th day of June, 1999, in Davidson County, Tennessee and before the finding of this indictment, did attempt to intentionally and with premeditation kill Wesley Tyler, in violation of Tennessee Code Annotated § 39-12-101, and against the peace and dignity of the State of Tennessee.

A habeas corpus proceeding is not the proper vehicle for testing the sufficiency of an indictment unless the indictment is "so defective as to deprive the court of jurisdiction." *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998). The law in Tennessee is that an indictment must provide "sufficient information (1) to enable the accused to know the accusation to which answer is required, (2) to furnish the court adequate basis for the entry of a proper judgment, and (3) to protect the accused from double jeopardy." *State v. Hill*, 954 S.W.2d 725, 727 (Tenn. 1997); *see also* T.C.A. § 40-13-202. The indictment in this case, which alleges the essential elements of the offense of attempted first degree murder, cites the attempt statute, identifies the victim, and identifies the date of the offense, satisfies these constitutional requirements and, in consequence, was not defective. To be sure, Count 4 does not directly reference Code section 39-13-202; Count 2 does contain such a reference. Although "[e]ach count must be a complete indictment within itself, charging all the facts and circumstances that make the crime," *State v. Lea*, 41 Tenn. 175, 177-78 (1860), where "it is reasonably clear from the averments of the second count that this is connected with and a part of the preceding count . . . such a count may be considered good," *State v. Youngblood*, 287 S.W.2d 89, 91 (Tenn. 1956); *see also State v. Cureton*, 38 S.W.3d 64, 82 (Tenn. Crim. App. 2000) (holding, post-*Hill*, that where all counts in an indictment referred to the same victim, the same offense date, and were related to each other, the counts could be read together for purposes of providing notice to the defendant). The petitioner is not entitled to relief on this issue.

### III. Double Jeopardy

Finally, the petitioner claims entitlement to habeas corpus relief on grounds that dual convictions for the especially aggravated robbery of both Mr. and Mrs. Tyler violate principles of double jeopardy. We need not tarry long on this claim, however, because a violation of principles of double jeopardy does not render a conviction void and, accordingly, occasions no cause for habeas corpus relief. *See, e.g.*, *Joseph L. Coleman v. State*, No. W2013-00884-CCA-R3-HC, slip op. at 3 (Tenn. Crim. App., Jackson, Nov. 25, 2013) ("We reiterate that a double jeopardy claim does not render a judgment void, and thus is not a cognizable claim for which habeas corpus relief can be granted.").

Accordingly, we affirm the order of the habeas corpus court summarily denying the petition for writ of habeas corpus.

_____
JAMES CURWOOD WITT, JR., JUDGE